## WILLIAM P. DOWLING *vs.* CATHARINE McKENNEY.

### Essex. Nov. 7, 1877. — June 28, 1878.

**A.** orally agreed to convey land to B., and to take, in exchange or payment, a monument, to be of a certain value when finished, and the balance in money. B. tendered the finished monument, with the money, to A., and also performed certain labor in making a foundation; but A. refused to accept the monument or money, or to give a deed of the land. *Held,* that the contract was within the statute of frauds; that B. could not maintain an action for the value of the monument, or for the labor of completing it; but that, if the foundation was laid on A.'s land to his benefit, B. could recover for the labor thus expended.

CONTRACT. The declaration contained three counts. The first was to recover $200, on an account annexed, for "furnishing materials for, and labor and work in making, a monument." The second was as follows: "And the plaintiff says that he made an agreement with the defendant to furnish materials and construct for her a monument for the sum of two hundred dollars; that he furnished materials and made said monument for the defendant, and tendered the same to the defendant; and that she owes him therefor the sum of two hundred dollars." The third was on an account annexed, and contained the following items: "To ten days' labor on monument, $50. To three days' services in preparing land and foundation for same, $15." Answer, a general denial.

At the trial in the Superior Court, before *Dewey*, J., the plaintiff testified that he was a manufacturer of monuments and gravestones, keeping on hand stock and partly finished monuments, to be finished to order; that the defendant came to his shop and

said she would like to get a monument; that he showed her several monuments partially manufactured, among them the one in question, the price of which he told her was $250, when finished with base, cap and plinth, and polished; that she said she had some land, and he said perhaps they might trade with the piece of land; that if he could get a piece of land at a reasonable price he might trade with her; that if she would sell the land at the same price for which she had sold another piece, he would trade with her for the monument; that they went on the land and looked at the lots, for one of which she asked $435; that he told her he would throw off $50 on the monument, calling it $200 complete, if she would throw $35 off on the lot, and would give her $100 cash, and $100 later, and the monument completed with the inscription, for the lot of land ; and that to this proposition she agreed, and the lot was selected and agreed on.

There was also evidence that subsequently the plaintiff purchased a plinth, and one of his workmen worked three or four days, fitting and polishing the monument, putting on the cap and mouldings, and one third of the inscription, which the defendant had given him to be put on the monument, at the time of the original contract, was put on, taking three days' work ; that the defendant then notified the plaintiff that she would not take the monument, as she had been advised it was too large, and refused thereafter to take it; that subsequently the plaintiff completed the monument and inscription, and offered to deliver it to her, and pay her $100 cash and give her his note for $100, secured by mortgage on the land, and demanded a deed of the land; that she refused to accept the monument, money and note, and refused to deliver him a deed of the land.

Upon this evidence, the plaintiff contended that he had the right to recover the sum of $200, for furnishing materials and completing the monument, and that, if he could not recover for the materials or the monument, he had a right to recover for his labor in completing the monument. The defendant contended that the Gen. Sts. c. 105, § 1, cl. 4, and § 5, were a bar to the action. The judge, by consent of parties, before verdict, reported the case for the determination of this court. If, on this evidence, the action could not be maintained, judgment was to be entered for the defendant ; otherwise, the case to stand for trial.

*J. C. Sanborn*, for the plaintiff.

*W. L. Thompson*, for the defendant.

ENDICOTT, J. It appears from the report that the defendant orally agreed to convey to the plaintiff a lot of land valued at $400, and to take, in exchange or payment therefor, a monument, estimated to be of the value of $200, when completed, and the balance in money. After the monument was finished, the plaintiff tendered it to the defendant, together with the balance in money, according to the contract. The defendant refused to accept the monument or money, or to give the deed.

Whether this was a sale or an exchange of property is immaterial. Assuming that it was an exchange of the land for the monument, with a balance in money to be paid by the plaintiff, it is to be governed by the same rules as apply to a sale when the whole consideration is to be paid in money. *Anon.* 3 Salk. 157. *Commonwealth* v. *Clark*, 14 Gray, 367, 372. *Howard* v. *Harris*, 8 Allen, 297. The contract was therefore within the prohibition of the statute of frauds. Gen. Sts. *c.* 105, § 1, *cl.* 4. The oral promise on the part of the defendant was not to pay money for the monument, but to convey a lot of land. If the promise had been to pay in money for the monument, when completed, it might have come within the rule, that an agreement to construct or build an article to be paid for when finished need not be proved by a memorandum in writing, as in *Mixer* v. *Howarth*, 21 Pick. 205. But that view of the case cannot be sustained on the evidence as reported; it does not appear to have been the intention of the parties to make any contract, except that which included the conveyance of the land, which was the sole consideration moving from the defendant. That contract was not in writing, and cannot be enforced, in whole or in part. The plaintiff cannot separate that portion which relates to the building of the monument from the whole, and recover upon it as a distinct undertaking. This would be to make a new contract between the parties; for it was no part of the agreement, as stated, to pay $200 in money for the monument, but to allow that sum as a portion of the consideration for the conveyance of the land. The plaintiff therefore cannot recover, either upon his first or second count, for the value of the monument.

But the plaintiff contends that he may, under his third count, recover for his labor in completing the monument. It is true, that when a person pays money, or renders service, or makes a conveyance, under an agreement within the prohibition of the statute of frauds, and the other party refuses to perform it, an action will lie to recover the money so paid, or the value of the services rendered or the property conveyed ; but it is on the ground that a party who has received a benefit, under an agreement which he has repudiated, shall be held to pay, upon an implied assumpsit, for that which he has received. *Dix* v. *Marcy,* 116 Mass. 416, and cases cited. In the case at bar, the defendant received no benefit from the labor performed in completing the monument, although the plaintiff may have suffered a loss because he is unable to enforce his contract, and no recovery can be had for the labor on the monument, as charged in the account annexed to the third count.

But this rule does not apply to the item for services performed by the plaintiff in preparing the land and foundation. If this refers to the lot of the defendant where the monument was to stand, and the work was done upon it, we cannot say as matter of law that it was not of benefit to the defendant. That is a question of fact to be determined, and, by the terms of the report, the entry must be                 *Case to stand for trial.*