# CASES DETERMINED

## January Term, 1881.

### LITTLEFIELD vs. LITTLEFIELD.

*December 18, 1880 — January 11, 1881.*

EVIDENCE. *(1) Oral proof of communications with persons deceased before the trial. (2) Admissions of privies in blood or estate.*

SPECIFIC PERFORMANCE: *(3, 4) Of contract of sale between tenants in common.*

1. Where, in ejectment, plaintiff claims the land under the will of X., and alleges that X. took it as heir of Y., defendant cannot testify to transactions and communications between himself and X. or Y. during their respective lives. R. S., sec. 4069.
2. The statements and admissions of X. and Y. during their respective lives, in derogation of their title as against defendant (if shown by competent witnesses), are admissible in defendant's favor, by reason of the privity in blood or estate between X., Y. and plaintiff.
3. Under proper circumstances, this court will specifically enforce a contract for the sale of an interest in land even when made *between tenants in common*, both in possession.
4. A mother and her son, being tenants in common of land, each owning an undivided half, agreed orally for a sale of the mother's interest to the son, in consideration of his paying to his brother a certain sum, and undertaking to support the mother during the remainder of her life. The consideration was adequate, and the conditions were fully performed by the son. Both before and after the contract, the mother and son resided in a house of the latter near the land, and the son managed said land; and after the mother's death he retained exclusive possession thereof; and he expended $2,000 thereon in improvements. *Held*, that the case is a proper one for a specific performance, and there is no error in a judgment establishing the son's title as against the devisee of his brother.

APPEAL from the Circuit Court for *Sheboygan* County.

Ejectment, for an undivided one-fourth of 120 acres of land in Sheboygan county. The plaintiff claims as devisee of her late husband, Stephen D. Littlefield, deceased. The complaint alleges that one Deborah Littlefield died intestate in 1873, seized in fee of an undivided half of the land claimed, as tenant in common with the defendant, who owned the other undivided half thereof; that Stephen and the defendant were her children and only heirs-at-law, and as such inherited her interest in the land; that Stephen died in 1877 testate, and by his last will, duly probated, devised his interest in the land to the plaintiff; and that the defendant ousted Stephen of the possession of the land, and withholds the same from the plaintiff.

The defendant answered that in 1862 he purchased the interest of his mother in the land for the consideration of $650, paid by him to Stephen at her request, and the agreement of defendant to maintain her for life; that he did so maintain her until her death; that immediately after such purchase he entered into and has ever since held the possession of the interest of his mother, thus purchased by him, and has since made permanent improvements on the land to the value of $2,500; that the $650 was so paid to Stephen for the purpose of making a fair and just division of their mother's property between them, and was received by Stephen in full payment for his expectant interest in his mother's estate after her death; and that Stephen thereupon gave the defendant the following instrument in writing, signed by him:

"Lima, October 3, 1862.

"Received of *Timothy Littlefield* $500 and his note of $150, in consideration of which I relinquish to him all claims to property heretofore supposed to be owned jointly between us.

"S. D. Littlefield."

The plaintiff interposed a reply substantially denying the above allegations in the answer. The issue thus made by the answer and reply was tried by the court as an equitable issue.

The evidence and the rulings of the court on the trial are sufficiently stated in the opinion.

The court found as facts, (1) that Deborah Littlefield was seized in fee of the real estate as described in the pleadings; (2) that the defendant was seized of the other undivided half thereof, as tenant in common with said Deborah; (3) that said defendant and Stephen D. Littlefield were the only heirs of said Deborah, who died April 5, 1873; (4) that the duly probated will of said Stephen D., deceased, gave all his interest to the plaintiff, his widow; (5) that on the 3d of October, 1862, said Deborah made a parol contract of sale of her interest to the defendant for $650, to be paid to Stephen D., and for her support and maintenance; (6) that said defendant on the same day paid Stephen D. the $650, and entered into possession of the whole of said real estate, and has ever since retained the same as sole owner; (7) that defendant has expended $2,000 in buildings and permanent improvements thereon, and supported said Deborah from the time of making said contract until her death, in 1873; (8) that such consideration was full and adequate; (9) that defendant's said possession and improvements were had and made under claim of title by purchase, and with the knowledge and assent of Stephen D., both before and after the decease of said Deborah, said Stephen D. always disclaiming any interest therein.

The conclusions of law are: (1) That the title of Deborah Littlefield was vested in equity, at the time of her decease, in said *Timothy Littlefield*, and that the said *Timothy* was entitled to a conveyance of the same from said Deborah; (2) that said Stephen D. was estopped to deny the right of the said *Timothy* as sole owner of the real estate aforesaid, at the time of his decease; (3) that the plaintiff took no estate in the said property under the said will of Stephen D., except the naked legal title, subject to the right of the said defendant in equity to said property; (4) that the defendant is entitled to a specific performance of said parol contract, and that in equity he owns

the whole interest of said Deborah in said land; (5) that said defendant have judgment assuring his title, and that plaintiff release to him all claim thereon as such devisee.

Judgment for the defendant was entered pursuant to these conclusions of law; and the plaintiff appealed therefrom.

*W. H. Seaman*, for appellant:

1. The parol declarations of Deborah Littlefield were incompetent. Such evidence may be allowable to explain the character of possession in a given case, but not to attack or destroy record title. *Gibney v. Marchay*, 34 N. Y., 301; *Jackson v. Shearman*, 6 Johns., 19; *Jackson v. Miller*, 6 Wend., 228; *Walker v. Dunspaugh*, 20 N. Y., 170. Admissions alone cannot be the basis of a decree of specific performance. *Underwood v. Underwood*, 48 Mo., 527. 2. The parol declarations of Stephen Littlefield were incompetent for the same reason, and because the declarant neither had nor was supposed to have a subsisting interest in the land at the time of which they are alleged. 3. The testimony of the defendant in his own behalf was inadmissible. In stating that he occupied after 1862 under claim of ownership, he testified as to the state of his mind, and not to a fact, as the term is understood in the rules of evidence. *Hogsett v. Ellis*, 17 Mich., 373; *Law v. Payson*, 32 Me., 521. The statements respecting improvements, possession, support of the mother, and other alleged acts of part performance, were inadmissible as relating to transactions with a deceased person under whom he claims. R. S., sec. 4069; *Sitton v. Shipp*, 65 Mo., 297. 4. The written receipt of Stephen Littlefield was inadmissible because not purporting to relate to this or any other real estate, but upon its face referring to some property in which Stephen and Timothy claimed joint ownership. If considered as referring to the land, it is incompetent upon this issue, because Stephen had no alienable interest at the time. It contains no covenants, and could not, therefore, operate as an estoppel. *Wright v. De Groff*, 14 Mich., 164. See also *Hark v. Gregg*, 1 Wis. Leg.

News, 365; *North v. Henneberry*, 44 Wis., 306; *Patterson v. Pease*, 5 Ohio, 190; *Kern v. Chalfant*, 7 Minn., 487; *Smith v. Penny*, 44 Cal., 161; *Hayes v. Livingston*, 34 Mich., 384. 5. The contract was too indefinite and uncertain to justify the court in decreeing a specific performance. Pomeroy on S. P., § 136; Willard's Eq. Jur., 286; *Blanchard v. McDougal*, 6 Wis., 167; *Knoll v. Harvey*, 19 id., 99; *Tiernan v. Gibney*, 24 id., 190; *Wilson v. Wilson*, 6 Mich., 9; *Jones v. Tyler*, id., 364; *Mundy v. Foster*, 31 id., 313; *Wright v. Wright*, id., 380. Courts will not compel the execution of a conveyance which was not contemplated by the parties. *Stoddard v. Hart*, 23 N. Y., 556. Nor will a court seek to find an agreement which the parties have made reasonably, when they do not appear to have fully settled upon its terms among themselves. *Blanchard v. R. R. Co.*, 31 Mich., 43. 6. There was no possession or performance referable only to the alleged contract. The defendant was a tenant in common with his mother, and carried on the farm and made improvements in the same manner after the alleged contract as before. His acts may all be referred to a continuation of the co-tenancy. The extraordinary betterments were made after the mother's death. They were, therefore, ineffectual as in performance, for the act must be known to the vendor and must be in her lifetime. Pomeroy on S. P., §§ 119, 121, 129; *Sage v. McGuire*, 4 W. & S., 228. See *Blanchard v. McDougal*, *Knoll v. Harvey, supra; Workman v. Guthrie*, 5 Casey, 495; *Galbreath v. Galbreath*, 5 Watts, 148; *Blakeslee v. Blakeslee*, 10 Harris, 237; *Phillips v. Thompson*, 1 Johns. Ch., 131; *Wheeler v. Reynolds*, 66 N. Y., 232; *Armstrong v. Kattenhorn*, 11 Ohio, 265; *Melton v. Coffelt*, 59 Ind., 310; 2 Story's Eq. Jur., §§ 761, 762.

For the respondent there was a brief by *E. Clark*, his attorney, with *Edw. S. Bragg*, of counsel, and oral argument by *Mr. Bragg:*

1. The court will not review a finding of fact, unless it is

clearly against the preponderance of the testimony. The sufficiency of the evidence given in the court below to satisfy that court as to the existence of the contract of which specific performance is sought, will not be inquired into upon appeal. *Lobdell v. Lobdell*, 36 N. Y., 327; *Freeman v. Freeman*, 43 id., 35; *Walls v. Page*, 16 Wis., 66; *Murphy v. Dunning*, 30 id., 296; *Ingalls v. Patterson*, 36 id., 373. 2. The declarations of Mrs. Littlefield, made while she was clothed with the legal title and against her interest, are admissible since her decease, against the devisee of an heir. 1 C. & H.'s Notes to Phil. Ev., Note 481; 1 Greenl. Ev., § 109; *Spaulding v. Hallenbeck*, 35 N. Y., 204. So also the declarations of Stephen against the title now set up by his devisee. *Roebke v. Andrews*, 26 Wis., 311. 3. Plaintiff is estopped by the disclaimer made by her testator in his lifetime.

LYON, J. The bill of exceptions contains certain testimony of the defendant (received under objection) in respect to transactions and communications by him personally with his mother and brother Stephen. This testimony was inadmissible, under R. S., 991, sec. 4069. It was not within any of the exceptions specified in the statute to the disability therein imposed upon a party to give such testimony. It will therefore be disregarded. Much of the testimony preserved in the bill of exceptions consists of statements and admissions of Deborah and Stephen D. Littlefield, made to witnesses (not including the defendant), respecting the alleged sale of her interest in the land claimed by Deborah to the defendant, the participation of Stephen therein, the consideration of such sale, and the payment thereof. It is maintained that this testimony was also inadmissible. Deborah and Stephen were privies in blood, and Stephen and the plaintiff privies in estate, in respect to the land in controversy. Such being the relations between the plaintiff and those from whom, or through whom, she derives title, it is elementary that she is bound by

Littlefield vs. Littlefield.

their admissions affecting such title. Undoubtedly testimony of the admissions of Deborah in derogation of her title would be admissible against her were she living and a party to an issue like this. In like manner, had Stephen brought an action in his lifetime to recover the land, testimony of such admissions made either by him or his mother would be admissible against him, had the issue been the same. The plaintiff being in privity directly with Stephen, and derivatively with his mother, in respect to the title she claims, the admissions of both or either of them, derogatory to her title, may be proved against her. 1 Greenl. on Ev., § 189.

The pleadings and the admissible evidence introduced on the trial satisfactorily establish the facts found by the circuit court. The only remaining question is, whether those facts support the judgment on the equitable counterclaim, vesting in the defendant the legal title to the land. The counterclaim of the defendant is substantially a complaint in equity for specific performance of a parol contract for the sale of land. The rules which govern the courts of this state in granting or refusing specific performance of such contracts, are laid down in the opinion by the present chief justice in *Horn v. Ludington*, 32 Wis., 73, as follows: "It is the settled doctrine of this court, that the mere payment of the consideration, unaccompanied by any other act, is not such a part performance of a parol contract for the conveyance of land as will authorize a court of equity to specifically enforce contracts of that character. There must be some other act done to raise an equity in favor of a party to a complete performance, such as the taking of possession of the lands sold under the contract by the purchaser; or one party must have induced the other so to act that if the contract be abandoned he cannot be restored to his former position, and a refusal to perform the contract will operate as a fraud." Page 76. The same rules were applied in *Ingles v. Patterson*, 36 Wis., 373; and this case must be determined by them.

Let us briefly state the leading facts. The agreed consider-
ations were adequate. Stephen received the money portion of
the consideration, and, by an instrument in writing over his
signature, relinquished to his brother " all claim to property
heretofore supposed to be owned jointly " by them. Beyond
all question the property thus relinquished was his expectant
interest in the land in question, which would otherwise have
descended to him at his mother's death. The defendant also,
in further performance of the contract, maintained his mother
until she died, eleven years later. The contract was certain
and unambiguous in its terms, and has been fully performed
by the defendant. The defendant managed and carried on the
land, and his mother resided with him before as well as after
the parol contract was entered into. Their residence was not
on the land in question, but on a lot or farm in the vicinity,
owned presumably by the defendant alone. From the very
nature of the case there could not be any very marked or
notorious change in the visible possession and occupancy of
the land after the contract was made; yet from that time the
possession of the defendant was exclusive. If there is any
doubt of the exclusiveness of his possession before his mother's
death, there can be no doubt about it at some period preced-
ing Stephen's death; for it is alleged in the complaint that
Stephen died ousted of possession by the defendant.

The only remaining fact necessary to be stated is, that the
defendant put upon the land $2,000 in permanent improve-
ments after the contract was made, and, as a matter of fact,
after the death of his mother, but in the lifetime of Stephen.
But for the circumstance that the defendant and his mother
were tenants in common of the land when the parol contract
was made, there can be no doubt that the defendant would be
entitled to specific performance. The facts more than fulfill
every requirement of the rules above stated. Some of the
cases, notably *Workman v. Guthrie*, 5 Casey, 512, seem to go
to the extent of holding that there can be no valid parol con-

tract for the sale of land among tenants in common where all are in possession. If these cases mean that a tenant in common in possession, who purchases by parol of his cotenant also in possession, cannot take the exclusive possession of the land from thenceforth, and on performance of the contract maintain an action for its specific performance, especially if in good faith he makes valuable improvements upon the land, we cannot follow them. The equities of a tenant in common so purchasing may be just as strong, his possession just as exclusive, as are the equities and possession of a purchaser not a tenant in common of the land he contracts to buy. If there is any solid reason why a court in equity should open its doors to one of these, and close them against the other, we fail to perceive it.

We conclude that the defendant was entitled as against the plaintiff to a specific performance of the parol contract with his mother, and hence that the judgment of the circuit court should not be disturbed.

*By the Court.*— Judgment affirmed.

<hr />

