# CASES

## IN THE

# SUPREME JUDICIAL COURT,

### OF THE

## STATE OF MAINE.

ELBRIDGE G. BENNETT, and others,

*vs.*

HOWARD E. DYER, and others.

Cumberland.   Opinion March 12, 1896.

89   17
89   508
89   17
99   124

*Specific Performance.   Equitable Estoppel.   Practice.   R. S., c. 77, § 25.*

It is settled law that if one induces or knowingly permits another to perform in part an oral agreement for the sale of land, on the faith of its full performance by both sides, and it clearly appears that such acts of part performance were done in pursuance of the contract, that damages recoverable in law would not adequately compensate the plaintiff, and that fraud and injustice would result to him if the agreement be held void, then on the principle of equitable estoppel, a court of equity is authorized to compel specific performance by the other party in contradiction to the positive terms of the statute of frauds.

But on all these points the evidence must be full, definite and conclusive.   And ordinarily no importance can be attached to acts of part performance done by the defendant or party to be charged.   If the defendant chooses to waive the benefit of his own act of part performance which would entitle him to allege a fraud on the part of the plaintiff, it cannot be that the plaintiff may force him to rely upon them, thus in effect himself setting up his own fraud.

*Held;* that the act of part performance relied upon in this case is not only found to have been done solely by the defendants, but from every point of view it is manifestly insufficient to justify the court in decreeing specific performance.   The act of "ploughing a driving park upon the land" did not occasion any injury or damage for which a remedy at law would not afford full and just compensation.   The plaintiffs can be restored to their former position without specific performance of the contract.   The principle of equitable estoppel does not apply.

On exceptions by plaintiffs.

The case appears in the opinion.

*John C. and F. H. Cobb, George Libby,* with them, for plaintiffs.

The contract as alleged in the bill is confessed in the defendants' answer, and thus taken out of the statute.     Browne, Stat. Frauds, pp. 475, 476; Story, Eq. § 755.

The retention and refusal to give up the agreement, within a reasonable time, was an adoption on the part of these defendants of the agreement itself as solemn and binding, as though they had placed their signatures to it.     The agreement was for months out of the possession of the plaintiffs; it was in the possession of these defendants, they knew its contents; they claimed it, it was held by them; and they (the defendants) refused to return it.     They held the plaintiffs bound by it; and can it, in justice, be said that the defendants' hands are free at the same time?     They should be compelled to take the consequences of their own acts which are equivalent to signing the agreement.

The defendants entered upon the land in question (about thirty acres) plaintiffs assenting, and ploughed a driving park upon it. This fact alone shows, that both plaintiffs and defendants considered that a trade for this land had been fully consummated; and where it is evident that the parties have been pursuing a course of acting as if there were a contract, the court will enforce such contract.     Addison on Contracts (Ed. 1888) Vol. 1 *160.

Counsel also cited: *Ash* v. *Hare,* 73 Maine, 403; Story Eq. §§ 759, 768 et seq.

It is well settled that even an oral agreement relating to lands, if wholly or partially performed, is binding upon the parties notwithstanding the statute of frauds and will be enforced in equity. White & Tudor's Leading Cases in Eq.     (Am. Ed.) 719 & 746.

Possession alone, without payment or other acts of ownership, is sufficient part performance of a verbal contract for lands to sustain a decree for its specific performance.     Browne on Stat. Frauds, p. 460, §§ 467 & 468.

It seems to follow upon equitable principles that the vendor

should have the right to enforce it when he has delivered possession. At any rate, it is held that he may enforce it upon that ground as an act done by himself in part performance of the contract. Browne on Stat. Frauds, §§ 455, 457, 466 & 467, & 473, 483 & 485 et seq. Id. §§ 493 & 507.

*Eben Winthrop Freeman, Robert Treat Whitehouse* with him, for defendants.

The plaintiffs in their argument appear to make it a point that the defendants have admitted in their answer the parol contract alleged in the bill. We submit that no such admission nor anything approaching an admission is anywhere to be found in the defendants' answer; they admit that the plaintiffs prepared and signed a written memorandum of agreement but no more. It is to be noticed, moreover, that the court does not find any such admission or that any agreement was ever entered into. The court finds merely that "the plaintiffs signed an agreement in writing to convey land to the defendants and delivered the same to them to be signed." The defendants did not sign it and it nowhere appears that they had ever agreed to sign it or to take their land.

The findings of the court do not show that any contract of any kind was ever completed between the parties. It does not appear that the defendants intended to be bound until they had signed a written memorandum of agreement. Defendants exercised the "right of deliberating" which is inconsistent with a completed contract.

The plaintiffs claim they would not "meantime have allowed the defendants to go onto the land and plough a driving park" and that the defendants would not have gone to the trouble and expense of so doing had they not then regarded the land as sold. To make this claim successful the plaintiffs must rely on this single assumption of the fact,—that the ploughing was referable only to the precise contract alleged. This single assumption, however, was neither by the plaintiffs alleged nor by the court below found to be true. Brown Stat. Frauds, § 472; Bispham on Equity, p. 447; Wats. on Sp. Per. § 263; *Ex parte Hooper*, 19 Vesey, p. 478; *Rathbun*

v. *Rathbun*, 6 Barb. (N. Y.) 106; *Brown* v. *Brown*, 33 N. J. Eq. 660; *Semmes* v. *Worthington*, 38 Md. p. 300; *Clark* v. *Clark*, 122 Ill. 394; *Williams* v. *Morris*, 95 U. S. 457. It does not clearly appear that the acts of ploughing were necessarily referable only to the contract alleged. *Clark* v. *Clark*, 122 Ill. 394; and cases, supra.

Even if plaintiffs be regarded as having delivered possession in pursuance of the contract, the results of their acts were such as could be readily compensated in damages and therefore would not take the case out of the statute. *Moore* v. *Small*, 19 Pa. St. 467; *Dougan* v. *Bloucher*, (1854,) 24 Pa. St. 34; *McKowen* v. *McDonald*, 43 Pa. St. 441; *Moyer's Appeal*, 105 Pa. St. 432; *Lord's Appeal*, 105 Pa. St. 451; *Kelsey* v. *McDonald*, 42 N. W. Rep. 1105, (1889), (Mich); *Glass* v. *Hulbert*, 102 Mass, 32; *Burns* v. *Daggett*, 141 Mass., 373.

Where the plaintiff nowhere alleges sufficient acts to constitute a part performance by him, a demurrer to the bill should be sustained. *Wood* v. *Midgely*, (1854), 5 D. G. M. & G. 41; *Redding* v. *Wilkes*, 3 Ves. 379; Story Eq. § 503; *Small* v. *Owens*, (1841), 1 Md. Ch. 364.

SITTING: PETERS, C. J., WALTON, EMERY, WHITEHOUSE, WISWELL, JJ.

WHITEHOUSE, J. This cause is presented to the law court on exceptions to the ruling of a single justice, as shown by the following statement which constitutes the entire record in the case, to wit:

" This cause came on for hearing on bill, answer and proofs.

" It is a bill in equity to compel the specific performance of an agreement for the purchase of land.

" The plaintiffs signed an agreement in writing to convey land to the defendants and delivered the same to them to be signed. Next day defendants inquired of plaintiffs' attorney about the title and refused to then sign the agreement unless the attorney would say that it was good. He would not say that, but only that he believed it was good. The defendants then took the agreement to see about the title. Meantime, with plaintiffs' assent, they entered upon the

land (about thirty acres) and ploughed a driving park upon it. This was late in the fall. They held the agreement all winter and would neither sign it, nor accept deeds tendered them by plaintiffs according to its terms; therefore this suit was brought the next April. I find that the deeds tendered were sufficient; and would have conveyed the estate described in the agreement.

"I rule as matter of law that the plaintiffs are barred of remedy by the statute of frauds, and therefore,

"It is ordered, adjudged and decreed that plaintiffs' bill be dismissed.

"To which ruling as to the statute of frauds the plaintiffs except."

It is provided in section twenty-five of chapter seventy-seven of the Revised Statutes that "either party aggrieved may take exceptions to any ruling of law made by a single justice, the same to be accompanied only by such parts of the case as are necessary to a clear understanding of the questions raised thereby; . . . provided, that no question of fact is open to the law court on such exceptions. And upon request of either party the justice hearing the cause shall give separate findings of law and fact."

In this case there would seem to be possible ground for apprehension that the exceptions are not "accompanied by such parts of the case as are necessary to a clear understanding of the question raised." It is stated to be a "bill in equity to compel the specific performance of an agreement for the purchase of land," and it was ruled "as a matter of law that the plaintiffs are barred of remedy by the statute of frauds." The statute of frauds applicable to such a case declares that no action shall be maintained "upon any contract for the sale of lands" unless "the contract or some memorandum or note thereof, is in writing and signed by the party to be charged, or by some person thereunto lawfully authorized." But it is a familiar and well-established principle of equity that this statute having been enacted for the purpose of preventing frauds should not be used to aid in the accomplishment of a fraud. Hence it has long been settled law in England and nearly all the states of this Union, that if one induces or knowingly permits another to perform in part an oral contract for the sale of land, on the faith of its full perform-

ance by both parties, and it clearly appears that such acts of part performance were done in pursuance of the contract, that damages recoverable in law would not adequately compensate the plaintiff, and that fraud and injustice would result to him if the agreement be held void, then on the principle of equitable estoppel, a court of equity is authorized to compel specific performance by the other party in contradiction to the positive terms of the statute of frauds. *Foxcroft* v. *Lester*, 2 Vern. 456; *Coles* v. *Pilkington*, L. R. 19 Eq. 174; *Williams* v. *Morris*, 95 U. S. 457; *Potter* v. *Jacobs*, 111 Mass. 32; *Woodbury* v. *Gardner*, 77 Maine, 68. See also 3 Pom. Eq. Jur. § 1409.

The argument of the learned counsel for the plaintiff proceeds upon the confident assumption that the sitting justice had substantially found as a matter of fact that, although the written agreement for the sale of the tract of land in question in this case was never signed by the defendants, there was still a subsisting oral contract between the parties by which the defendants agreed to purchase the land; and thereupon invokes the principle of equity above stated, claiming that there were acts of performance on the part of the defendants sufficient to exclude the operation of the statute of frauds.

With reference to this point the authorities all agree that the party making the attempt to take the case out of the statute of frauds must establish the existence of the oral contract by clear and satisfactory evidence. *Williams* v. *Morris*, 95 U. S. 457. The proof must show the terms of the contract clearly, definitely and conclusively, leaving no jus deliberandi or locus penitentiæ. *Purcell* v. *Miner*, 4 Wall. 513. "To be enforceable the agreement must be concluded, unambiguous, and proved to the satisfaction of the court." *Woodbury* v. *Gardner*, 77 Maine, supra.

It is earnestly contended in behalf of the defendants that the findings of the court do not show that any contract of any kind was ever completed between these parties; and it must be conceded that a careful examination of the record strongly supports this contention. It appears from the findings that the plaintiffs signed an agreement to convey the land to the defendants and delivered it to them to be signed, that the defendants refused to sign it without a

positive assurance that the title was good, but "took the agreement to see about the title," and that they held the agreement all winter but would neither sign it, nor accept the deeds tendered to them by the plaintiffs according to the terms of the agreement. There is an entire absence of a definite and explicit finding that an oral contract had been concluded between the parties for the purchase of this land. All of the findings of the sitting justice are perfectly consistent with the theory that, in response to a request from the defendants for the terms of sale, the plaintiffs delivered to them the written agreement in question which they refused to sign, that no other negotiations ever took place, and that no agreement whatever was ever completed between them. When the language employed in the different parts of the decree receives the construction in all respects most favorable to the plaintiffs' contention, it can at most only justify the inference that the parties were "in treaty with a view to an agreement," and that possibly the defendants had agreed to purchase on condition that the title should be found satisfactory, but refused to sign the agreement because the condition was not fulfilled. In view, however, of the fact that this was a subject matter with respect to which contracts are required to be in writing, and of the further fact that pending this investigation of the title, a special arrangement appears to have been made for the defendants to "enter upon the land and plough a driving park upon it," the conclusion is irresistible that it was not then understood by the parties that the defendants were to be bound until they signed the written agreement. *Steamship Co.* v. *Swift*, 86 Maine, 248. The presiding justice, it is true, ruled that the plaintiffs were barred of remedy by the statute of frauds, and, if he found that no agreement of any kind was ever concluded between them, there was no occasion to invoke the statute of frauds as the basis of the decision, since the plaintiffs were barred of a remedy independently of that statute, for want of any agreement at all. The ruling, however, by no means warrants the inference that the sitting justice found as a matter of fact that an oral agreement was concluded between the parties, but rather that the acts of part performance by the defendants were not of such a character as to defeat the operation of the

statute.  He may have found that all the terms of the proposed
contract for the first time became the subject of negotiation after
they had been embodied in the written agreement delivered to the
defendants; and in that event there would be no incongruity in
ruling that the plaintiffs were barred of remedy by the statute of
frauds, because this written agreement was not signed by the party
to be charged.

But if the findings of fact disclosed by the case could be deemed
susceptible of the construction claimed by the plaintiffs, the defend-
ants contend that there is still an insuperable objection arising from
another defect or ambiguity in the record.

When the existence of an oral agreement for the sale of land has
been clearly proven to the satisfaction of the court, and acts of part
performance are relied upon to defeat the operation of the statute
of frauds, it must appear in the first place that such acts of per-
formance had unequivocal reference to the agreement and were
done in pursuance and execution of it.  *Woodbury* v. *Gardner*, 77
Maine, supra.  As stated by Mr. Justice Clifford in *Williams* v.
*Morris*, 95 U. S. supra: "The act of part performance must be of
the identical contract set up and alleged.  It is not enough that
the act of part performance is evidence of some agreement, but it
must be unequivocal and satisfactory evidence of the particular
agreement charged in the bill or answer."  Upon this point the
finding of the justice is thus expressed: "The defendants then took
the agreement to see about the title.  Meanwhile, with plaintiffs'
assent they entered upon the land, (about thirty acres) and
ploughed a driving park upon it.  This was late in the fall."
This finding by no means shows that the act of ploughing had "un-
equivocal reference to the agreement alleged, and was done in pur-
suance and execution of it."  The language is equally consistent
with the contention that the defendants sought and obtained per-
mission from the plaintiffs to enter and plough under an arrange-
ment entirely independent of the contract set up by the plaintiffs.

In the view thus taken of the findings of the court, it may be un-
necessary to consider further the effect of the alleged act of part
performance upon the agreement set up by the plaintiffs; but as

the counsel have exhaustively argued the question, we will briefly examine it.

As already intimated, the court is never authorized to nullify the imperative provisions of this statute and decree specific performance of an oral contract for the sale of land, unless sufficient part performance is made out to show that fraud and injustice would result if the contract should be held inoperative. The doctrine is based on the principle of equitable estoppel, and it must appear that one of the parties has been induced, or allowed, to change his position on the faith of the contract to such an extent and in such a manner that all legal remedies would be inadequate to compensate him for the damages sustained, and nothing but specific performance would restore him to his original position. And the evidence must be full, definite and conclusive. *Burns* v. *Daggett,* 141 Mass. 373; *Glass* v. *Hulbert,* 102 Mass. 32; *Woodbury* v. *Gardner,* supra; *Ash* v. *Hare,* 73 Maine, 403; *Tilton* v. *Tilton,* 9 N. H. 390; *Williams* v. *Morris,* supra; *Moyer's Appeal,* 105 Pa. St. 432; *Lord's Appeal,* Id. 451; *McKowen* v. *McDonald,* 43 Pa. St. 441; *Brown* v. *Brown,* 33 N. J. Eq. 660.

In the first place, it should not be overlooked that in this case the plaintiffs, claiming to be vendors, are relying upon acts of partial performance done by the defendants to compel the latter to accept the deeds and pay for the land according to the alleged contract. But numerous authorities are aptly cited by the defendants' counsel in support of the proposition that the acts of part performance relied upon by the plaintiff must be acts done by himself, and that ordinarily no importance can be attached to acts of performance done by the party sought to be charged. In Browne on Stat. of Frauds § 453 it is said: "If the defendant chooses to waive the benefit of his own acts of part performance which would entitle him to allege a fraud on the part of the plaintiff, it cannot be that the plaintiff may force him to rely upon them, thus in effect, himself setting up his own fraud." See also Bispham on Eq. 4 Ed. 448; *Buckmaster* v. *Harrop,* 7 Vesey, 341; *Caton* v. *Caton,* L. R. 2 H. L. 127; *Glass* v. *Hulbert,* and *Williams* v. *Morris,* supra.

While this may not be accepted as an arbitrary rule and it is

possible that exceptional cases might arise where a plaintiff would be placed in such a position by the act of performance on the part of his opponent that damages at law would fail to compensate him for the injury, it must always be a consideration of great weight in determining whether the court is required to grant the relief of specific performance.

In the case at bar, the act of part performance relied upon is not only found to have been done solely by the defendants, but from every point of view it is manifestly insufficient to justify the court in decreeing specific performance. The finding is that with the plaintiffs' assent the defendants entered upon the land and "ploughed a driving park upon it." It requires no argument to show that this act did not occasion irreparable injury to the plaintiffs. It cannot reasonably be claimed that the plaintiffs suffered any damage in consequence of this act for which a remedy at law would not afford full and just compensation. If, in any material respect, the plaintiffs do not occupy their original position, they can be restored to it without specific performance of the alleged contract for the sale of the land. The principle of equitable estoppel is not applicable to the facts of this case. "The decided inclination of the judicial mind appears to be against extending beyond those limits to which it has been carried by clear authority, the doctrine of enforcing oral contracts in equity on the ground of part performance." Brown on Stat. of Frauds § 492.

*Exceptions overruled.*