HENRIKSON, Appellant, vs. HENRIKSON, Respondent.

*September 13—October 4, 1910.*

*Equity: Specific performance: Oral agreement to convey land: Possession by vendee not essential: Fraud: Inadequate remedy at law.*

1. As a general rule equity will not enforce specific performance of an oral agreement to convey land, although there has been part performance by the purchaser, unless he has taken possession of the land; but, even where possession has not been taken, if the vendor's refusal to convey will work a fraud upon the purchaser and the latter has no adequate remedy at law, specific performance may be enforced.

2. Where land is owned by several persons in undivided interests, some of such owners being incompetent, and plaintiff, one of the owners but not in possession, has made valuable and permanent improvements upon the land pursuant to an oral agreement with defendant, also an owner, that in consideration of the making of such improvements defendant would convey his interest to plaintiff, but defendant refuses to convey, equity may compel a conveyance, since defendant's refusal operates as a fraud upon plaintiff and the remedy at law is inadequate.

3. The remedy at law is inadequate in such a case because the oral agreement, being void under the statute of frauds, cannot serve as a basis for the recovery of damages, and because the implied obligation of defendant to return what he has received under the oral agreement does not go beyond reimbursement of plaintiff to the extent that he benefited the defendant's undivided interest, while as to the other owners there is no basis for a recovery at law.

APPEAL from a judgment of the circuit court for Pierce county: E. W. HELMS, Circuit Judge. *Reversed.*

This action was brought to enforce specific performance of an oral contract to convey real estate. After certain admissions and denials the defendant set up affirmatively a general settlement and satisfaction of all matters of difference between the parties, including matters set forth in the complaint, and that the plaintiff accepted $1 and other valuable consideration in satisfaction and discharge of all causes of

action, suits or controversies, claims and demands against the defendant. The facts sufficiently appear from the findings.

The court found that on or about May 12, 1901, Paul C. Henrikson, the father of plaintiff and defendant, died intestate at the town of Gilman, county of Pierce, and at the time of his death was the owner in fee simple of the lands described in the complaint; that at the time of his death said Paul left him surviving his widow, then sixty-eight years of age, and eight children, including the parties hereto, all of whom were of full age and competent, except Hannah Henrikson, now about fifty-six years of age, blind from infancy and mentally undeveloped, and Soren Henrikson, now about thirty-five years of age, who is also mentally incompetent; that on the day Paul C. Henrikson died the dwelling house upon the premises described in the complaint was totally destroyed by fire and the members of the family then at home were left without a house in which to live; that the family residing on the farm at that time consisted of the widow of Paul C. Henrikson and the said Hannah and Soren; that after the burning of the dwelling house the premises described in the complaint were worth about $2,000, and there was some personal property upon the farm, the value of which was not shown, and money belonging to said Paul to the amount of $700; that after the death of said Paul and the burning of said dwelling a consultation was had between the widow and various of the children of the family, and it was arranged that the widow and Hannah and Soren should live temporarily in the granary upon said farm, and some talk was had as to the construction of a new house upon the premises; that it seems to have been agreed among the children that the widow, said Hannah, and Soren should remain upon the farm and some provision should be made for their maintenance upon the farm, being the premises described in the complaint; that a few days after the said 12th day of May, 1901, the defendant, then being a storekeeper in a vil-

lage in Dunn county, had a conversation with the plaintiff, who was a farmer in Dunn county, at that time living and boarding with the defendant, concerning the rebuilding of a house upon the farm above mentioned and making provision for their mother and the incompetent children; that as a result of said conversation it was agreed between plaintiff and defendant that the plaintiff should go to Pierce county and provide upon the farm a comfortable and convenient home for the mother of the parties and the family remaining upon the farm, it being understood that the $700 then on hand should be used in the building of a house upon said premises, and that plaintiff should put in time and money and labor with said $700 sufficient to make a comfortable and convenient home for the family; that in consideration of the performance on the part of the plaintiff of said agreement the defendant promised on his part that when the mother was dead he would transfer to the plaintiff his one-eighth share in said farm as a remuneration to the plaintiff for the things to be done and performed by said plaintiff under said agreement, but no part of said agreement was ever reduced to writing; that thereafter and during the summer of 1901 the plaintiff caused to be built upon said farm a good and substantial dwelling house, the $700 above mentioned being expended toward the building of said house and the plaintiff doing a considerable amount of labor by way of digging the basement, hauling material with his team, and otherwise, probably spending two months or more in said work, although the matter is left somewhat indefinite by the testimony; that in addition to the labor so expended plaintiff purchased several hundred dollars' worth of material which was used in the construction of said house, probably more than $500, although the testimony is quite indefinite as to the exact amount; that in the summer of 1902 plaintiff spent considerable time and money in constructing an additional cistern upon the premises, and bought and erected a windmill, all

at considerable expense of time and money; that on the 16th day of April, 1908, the widow died, and thereafter plaintiff demanded of defendant that he convey to plaintiff his share in said farm, being one eighth thereof, but this the defendant refused to do; that no demand has ever been made by plaintiff of the defendant, except as above, for any remuneration for his services performed by plaintiff pursuant to said agreement in or about the erection of said house, cistern, or windmill, or for repayment to plaintiff of any sum expended by him in connection therewith; that on or about the 17th day of January, 1905, a settlement was had between plaintiff and defendant of certain differences then existing between them, and the plaintiff made and signed and delivered to defendant a writing to that effect, but the materials furnished and services performed in making the improvements in question were not considered or taken into account or settled for in said settlement, nor was the transfer of defendant's interest to the plaintiff on account of said improvements considered or settled; that after the death of said Paul C. Henrikson the widow remained in full and complete possession of the premises described in the complaint up to the time of her death, and the plaintiff between the 12th day of May, 1901, and the beginning of this suit never in any manner occupied the farm or buildings thereon, and never had possession thereof during the time he worked upon said farm in the construction of the house and other improvements mentioned in these findings; that during said period he simply lived as a member of his mother's family in the same way as is ordinarily done by any person employed to do work of the kind he was doing.

The court concluded that the contract between plaintiff and defendant was void because it was not in writing, and that there was never any such part performance on the part of plaintiff as would entitle him to specific performance of the contract. Judgment was ordered against the plaintiff

for dismissal of the complaint, with costs.  Judgment was entered accordingly, from which this appeal was taken.

The cause was submitted for the appellant on the brief of *N. O. Varnum,* and for the respondent on that of *Warren P. Knowles.*

KERWIN, J.    The question presented is whether upon the established facts the plaintiff is entitled to specific performance of the oral contract set out in the case.    It is settled by the findings and not denied that the defendant agreed orally with the plaintiff to convey to plaintiff his one-eighth interest in the real estate described in the complaint upon the death of the mother of plaintiff and defendant in consideration of the erection on said real estate of certain permanent improvements and furnishing the material and doing the work necessary therefor; that plaintiff performed and furnished in accordance with such agreement and duly performed all the conditions of such agreement on his part to be performed; that after the death of the mother defendant refused to convey to plaintiff.    The contention on the part of the respondent is that, although the appellant fully performed on his part in pursuance of the contract, he cannot compel specific performance, because he did not take possession and has an adequate remedy at law.    The general rule is that part performance by the purchaser under an oral agreement to convey is not sufficient to take the contract out of the statute of frauds, unless possession is taken by such purchaser. The general rule has often been laid down by this court. *Smith v. Finch,* 8 Wis. 245; *Brandeis v. Neustadtl,* 13 Wis. 142; *Ellis v. Cary,* 74 Wis. 176, 42 N. W. 252; *Blanchard v. McDougal,* 6 Wis. 167; *Koch v. Williams,* 82 Wis. 186, 52 N. W. 257; *Popp v. Swanke,* 68 Wis. 364, 31 N. W. 916; *Harney v. Burhans,* 91 Wis. 348, 64 N. W. 1031; *Horn v. Ludinglon,* 32 Wis. 73.    In the above and similar cases it will be seen that the purchaser, or party complaining because

of failure to carry out the oral agreement, could be restored to his former position in an action at law. In other words, equity will not enforce an oral agreement where possession has not been taken, though partly or even fully performed by one party, because he has an adequate remedy at law.

It is true strong language is used in some of the cases in stating the general rule, to the effect that part or even full performance of an oral contract to convey real estate by the purchaser is not sufficient without possession on the part of the purchaser. As for example in *Popp v. Swanke,* 68 Wis. 364, at p. 368 (31 N. W. 916), quoting from *Smith v. Finch,* 8 Wis. 245, the court said:

"It is only in cases where the defendant would be enabled to practice a fraud upon the complainant unless the contract is specifically executed that a court of equity will interfere. If the purchaser has gone into possession of the land so as to render him liable as a trespasser if the agreement is held void, the court will enforce performance."

But it is also true that there is another class of cases resting upon the well settled doctrine that where there is performance or part performance by the purchaser under and in pursuance of an oral contract to convey land, though no possession be taken by the purchaser, and the vendor after performance by the vendee refuses to convey, equity will enforce specific performance where the vendee has no adequate remedy at law and the refusal to perform on the part of the vendor would work a fraud upon the vendee. The following are some of the authorities illustrative of this rule: *Cutler v. Babcock,* 81 Wis. 195, 51 N. W. 420; *Martineau v. May,* 18 Wis. 54; *Ingles v. Patterson,* 36 Wis. 373; *Littlefield v. Littlefield,* 51 Wis. 23, 7 N. W. 773; *Wall v. M., St. P. & S. S. M. R. Co.* 86 Wis. 48, 56 N. W. 367; *Brown v. Hoag,* 35 Minn. 373, 29 N. W. 135; *Bennett v. Dyer,* 89 Me. 17, 35 Atl. 1004; *Seaman v. Aschermann,* 51 Wis. 678, 8 N. W. 818; *Scheuer v. Cochem,* 126 Wis. 209, 105 N. W. 573; *Freeman v. Free-*

*man,* 43 N. Y. 34. The cases in this court which lay down the doctrine that possession is necessary recognize the exception. In *Harney v. Burhans,* 91 Wis. 348, at p. 352 (64 N. W. 1031), the court says:

"It was early decided by this court (*Smith v. Finch,* 8 Wis. 245) that the full payment of the purchase money is not sufficient to take a case out of the statute, so that specific performance will be decreed, unless accompanied by *actual possession or some act whereby the vendee has received an injury for which a court of law cannot give complete remedy.*"

And in *Wall v. M., St. P. & S. S. M. R. Co., supra,* the court, after laying down the general rule that payment of purchase money alone is not sufficient to take the case out of the statute of frauds, but that payment of any considerable part of the purchase price and the vendee's entry into possession and making valuable improvements would constitute such part performance as will take the case out of the statute of frauds and justify the enforcement of specific performance, further says (p. 58):

"So where there has been such part performance by the vendee that it would operate as a fraud upon him to allow the vendor to repudiate the contract, the same will be enforced in equity."

And in *Littlefield v. Littlefield, supra,* it was held to be the settled doctrine of this court that the mere payment of the consideration, unaccompanied by any other act, is not such part performance of a parol contract for the conveyance of land as will authorize specific enforcement, but that there must be some other act done to raise an equity, "such as taking over possession of the lands sold under the contract by the purchaser; *or one party must have induced the other to so act that if the contract be abandoned he cannot be restored to his former position, and a refusal to perform the contract will operate as a fraud.*" To the same effect are cases in other

courts. *Bennett v. Dyer,* 89 Me. 17, 35 Atl. 1004, and *Brown v. Hoag,* 35 Minn. 373, 29 N. W. 135.

The making of valuable permanent improvements on the land by the vendee, in pursuance of the agreement and with the knowledge of the other party, is always considered to be the strongest and most unequivocal act of part performance by which a verbal contract to sell land is taken out of the statute. Pomeroy, Spec. Perf. secs. 126–130 and cases cited; *Scheuer v. Cochem,* 126 Wis. 209, 105 N. W. 573; *Littlefield v. Littlefield,* 51 Wis. 23, 7 N. W. 773. In the case before us the plaintiff made valuable and permanent improvements on the land in question under and in pursuance of the oral agreement that defendant would convey his one-eighth interest as specified. Now, unless plaintiff has an adequate remedy at law, the refusal on the part of defendant to carry out the agreement operates as a fraud upon the plaintiff. The question, therefore, arises whether the plaintiff has such remedy. This turns upon whether he can be placed in his former position by recovering compensation for the improvements made upon the land. The defendant owned a one-eighth and the plaintiff a one-eighth interest in the land, the remaining six-eighths being owned one-eighth by each of the other six heirs, two of whom were incompetent. So, unless plaintiff can recover from defendant the full value of the improvements made, he has not an adequate remedy at law. The improvements made, so far as they benefited the property, benefited the whole, and the interest of each owner in the real estate would be enhanced in value by the services performed and money expended by the plaintiff, and the question is whether the plaintiff can recover damages beyond what defendant has been enriched by the improvements. The oral contract being void, it cannot serve as a basis for the recovery of damages. *Brandeis v. Neustadtl,* 13 Wis. 142; *Ellis v. Cary,* 74 Wis. 176, 42 N. W.

252; *Rowell v. Barber,* 142 Wis. 304, 125 N. W. 937. As was said by this court in *Brandeis v. Neustadtl, supra,* in a case of oral contract for purchase of land, "a contract declared void by statute is in all respects a nullity." Such a contract is not voidable, but absolutely void, and affords no protection to the party claiming under it. *Brandeis v. Neustadtl, supra.* The person receiving money, however, under a void contract for the sale of land is bound to return it, on the theory that it is the money of the other party to the void contract and which the holder is bound to return. This rule would require a defendant who had become enriched by valuable improvements placed upon his land under a void contract to respond to the extent of such enhancement, upon the principle that the law implies a promise to pay for them. But the law imposes no liability on one who has under a void contract caused such improvements to be made upon another's land, because, the contract being void and the defendant receiving no benefit, there could be no implied promise to respond for a benefit bestowed upon another. *Dowling v. McKenney,* 124 Mass. 478; Keener, Quasi-Contracts, 279–282; Browne, Statute of Frauds (5th ed.) § 118a; *Dunphy v. Ryan,* 116 U. S. 491, 6 Sup. Ct. 486; 2 Page, Contracts, § 751; *Banker v. Henderson,* 58 N. J. Law, 26, 32 Atl. 700; *Gazzam v. Simpson,* 114 Fed. 71; *Day v. N. Y. C. R. Co.* 51 N. Y. 583. The doctrine is well stated in Browne, Statute of Frauds (5th ed.) § 118a, as follows:

"The rule that, where one person pays money or performs services for another upon a contract void under the statute of frauds, he may recover the money upon a count for money paid, or recover for the services upon a *quantum meruit,* applies only to cases where the defendant has received and holds the money paid or the benefit of the services rendered; it does not apply to cases of money paid by the plaintiff to a third person in execution of a verbal contract between the plaintiff and defendant such as by the statute of frauds must be in writing. Such payment is not a payment to the defend-

ant's use in the sense of the rule. It is a payment to his use, only if he chooses to abide by the contract, and it is his right to refuse to do that."

So in Keener, Quasi-Contracts, 278, 279, the rule is laid down that where one renders services under a contract void by the statute of frauds, in order to recover he must show that the defendant, if he is not compelled to pay the plaintiff for that which he has received, unjustly enriched himself at the plaintiff's expense.

The defendant here, owning a one-eighth interest, could be enriched by the improvements only in the ratio of his interest to the interest of other owners; therefore could not in an action at law be compelled to respond for the whole improvement. The plaintiff, of course, could not recover for the benefits, if any, to his own one-eighth interest, the expense of which improvements he might never have incurred but for the promise of defendant to convey. Nor does it seem from the record that there is any basis for recovery at law from any of the other owners for any part of the expense of the improvements. There is certainly none for recovery from the incompetents. Independent of statute the general rule is that a tenant in common cannot recover at law against his cotenant for improvements made upon the common property. 1 Washb. Real Prop. § 894 and cases cited. Whether plaintiff could have any allowance against any of the tenants in common of the property in an action of partition or other equitable action or proceeding we need not consider and do not decide, because that would be an equitable action and not an action at law and no answer to the plaintiff's present action. In order to warrant the court in denying specific performance in the instant case it must appear that the plaintiff has a remedy at law, and such legal remedy must be "as adequate, comprehensive, and effectual as that afforded by a court of equity." *Butterick P. Co. v. Rose,* 141 Wis. 533, 539, 124 N. W. 647. Even if an action at law could be

maintained against all the heirs to recover for the benefits received, it is by no means clear that such action would afford an adequate remedy, because the reasonable cost of the improvements might not turn out to be the measure of their enrichment.

The theory of the liability of the defendant in the instant case is that the law raises an implied obligation on the part of defendant that he return that which he has received under the void contract. And this obligation requires him to respond only for what he has received and not for what others have received because of the void agreement. The obligation rests upon the benefit received, and the extent of the obligation is measured by the benefit. It is true that there are some cases holding a different doctrine, and which appear to hold that the liability is not measured by the benefit received. *Parker v. Tainter,* 123 Mass. 185, belongs to this class. However, in *Dowling v. McKenney,* 124 Mass. 478, the question was squarely met by the court, and it was held that, where one advances money to or performs services for another based upon a contract void under the statute of frauds, he can only recover against such other so much as defendant has been enriched by the transaction. This we believe to be a sound doctrine, and the only logical basis of recovery in such a case. Upon that doctrine, of course, the plaintiff here has no adequate remedy at law, therefore is entitled to specific performance of the contract. It follows, therefore, that the judgment must be reversed.

*By the Court.*—The judgment of the court below is reversed, and the cause remanded with directions to enter judgment for plaintiff for specific performance.