BENDIX, Respondent, vs. Ross, Appellant.

*September 18—October 13, 1931.*

For the appellant there was a brief by *Wilbershide & Baumblatt* of Racine, and oral argument by *L. P. Baumblatt*.

For the respondent there was a brief by *Beck, Smith & Heft,* attorneys, and *Harold A. Konnak* of counsel, all of Racine, and oral argument by *Mr. Konnak.*

FRITZ, J.   Plaintiff's wife, on his behalf, orally agreed with defendant to purchase vacant land from defendant for $1,500, to be paid at the rate of $15 per month.   As plaintiff also desired to erect a dwelling for himself on the land, but had no means to acquire the necessary materials, it was orally agreed that plaintiff could procure them from a supply man on the account of the defendant, and then reimburse defendant in monthly instalments.   A written contract was to be executed when the cost of the material procured by plaintiff on defendant's account was finally determined, and the amount thereof could be stated in the contract.   During the eleven months following, plaintiff put in about 1,700 hours of work, and partly completed the building with materials paid for by defendant.   Plaintiff also used some hardware for which he paid, and in addition he paid $80 to defendant on account of the monthly instalments.   Then a controversy arose between the parties as to whether their oral agreement entitled plaintiff, as he contended, to a written land contract with the usual application of the instalments as payments on the contract; or whether, as defendant claimed, plaintiff was only entitled to a leasing contract under which the monthly payments were to be merely rentals which were to be applied on the purchase price if defendant was ultimately paid an amount equivalent to the purchase price.   As defendant refused to

give plaintiff such a written contract as plaintiff claimed he was entitled to under the oral agreement, he discontinued his work on the building and abandoned the premises. After about a year, defendant, at an additional expenditure of $1,542 for materials and services, had the building completed. There was an irreconcilable conflict in the evidence bearing upon the issues of whether the oral agreement entitled plaintiff to the form of a written contract which he claimed, and whether defendant wrongfully refused to enter into such a written contract with plaintiff, and thereby caused him to abandon the premises. Those issues were not expressly submitted to the jury either by questions in a special verdict or by appropriate instructions. Instead, the cause was submitted to the jury for merely a general verdict. In that connection the jury was rightly instructed that the preliminary oral agreement was void. But the jury was also instructed "that the law requires a defendant who has been enriched by valuable improvements placed upon his land under a void contract, such as was entered into in this case, to respond to the plaintiff to the extent of such enrichment, upon the principle that the law implies a promise to pay for such improvements." It will be noted that under that instruction, if the defendant was enriched by the improvement, he is to be held liable regardless of whether he was or was not in the wrong in refusing to enter into the contract which plaintiff demanded.

As, at the time of performance, plaintiff's services were rendered at his own volition, without any request on defendant's part for such performance, and without any basis for any expectation by plaintiff that defendant was to pay for such services, or any other circumstances from which a request for such performance or promise to pay therefor could be presumed or implied, the defendant is not liable for any benefit conferred upon him (*Segnitz v. A. Grossen-*

*bach Co.* 158 Wis. 511, 149 N. W. 159; *Columbus, H. V. & T. R. Co. v. Gaffney,* 65 Ohio St. 104, 61 N. E. 152; *Pew v. First Nat. Bank,* 130 Mass. 391; *Fitzgerald & M. C. Co. v. Fitzgerald,* 137 U. S. 98, 11 Sup. Ct. 36, 34 Lawy. Ed. 608), unless his enrichment was the result of unjust conduct on his part. His wrongful refusal to perform his oral agreement may constitute such unjust conduct, and if it caused the plaintiff to abandon the improvements, he will be entitled to recover therefor from the defendant.

"A vendee is allowed to recover in equity for the value of improvements made by him while in possession of land under an oral contract for the purchase thereof which the vendor has refused to perform. The basis of the liability is that otherwise the vendor would unjustly enrich himself at the expense of the vendee." Keener, Quasi-Contracts, p. 363.

"Where the purchaser is willing to proceed and it is the vendor who makes default, the retention of such benefit is clearly unjust. The improvements are made, it is true, without the vendor's request and exclusively for the purchaser's benefit. Furthermore, the improvements may seem to the vendor neither profitable nor desirable. But the vendor has the option to perform his contract, which is morally, if not legally, binding upon him, and if he is unable or unwilling so to do, he ought at least to pay for the enhancement of the value of his property." Woodward, Quasi-Contracts, § 102.

Those statements are supported by the decisions in *Albea v. Griffin,* 2 Dev. & B. Eq. (22 N. C.) 9; *Bright v. Boyd,* 1 Story (U. S. C. C.) 478; *Rucker v. Abell,* 8 B. Mon. 566; *Vaughan v. Cravens,* 1 Head, 108; *Rhea v. Allison,* 3 Head, 176; *Herring v. Pollard's Ex'rs,* 4 Humph. 362; *Mathews v. Davis,* 6 Humph. 324; *Ford v. Stroud,* 150 N. C. 362, 64 S. E. 1; *Glass v. Hampton* (Ky.) 122 S. W. 803; *Poole v. Johnson,* 31 Ky. L. Rep. 168, 101 S. W. 955; *Robards v. Robards,* 27 Ky. L. Rep. 494, 85 S. W. 718.

In *Henrikson v. Henrikson,* 143 Wis. 314, 322, 323, 127 N. W. 962, the rule was also recognized:

"The person receiving money, however, under a void contract for the sale of land is bound to return it, on the theory that it is the money of the other party to the void contract and which the holder is bound to return. This rule would require a defendant who had become enriched by valuable improvements placed upon his land under a void contract to respond to the extent of such enhancement, upon the principle that the law implies a promise to pay for them. . . . So in Keener, Quasi-Contracts, 278, 279, the rule is laid down that where one renders services under a contract void by the statute of frauds, in order to recover he must show that the defendant, if he is not compelled to pay the plaintiff for that which he has received, unjustly enriched himself at the plaintiff's expense."

However, in the case at bar, the jury was not required by an appropriate instruction to pass upon the crucial controverted issue of whether the defendant was enriched in consequence of any unjust or wrongful conduct on his part. If the oral agreement was in fact as he claimed, then he was not in the wrong, his enrichment was not because of any unjust conduct on his part, and the law does not require him to respond to plaintiff for the enrichment. The jury should have been informed, in connection with the instruction which was given, as quoted above, that under the circumstances defendant can be required to respond for the enrichment only if the oral agreement was as claimed by plaintiff, and defendant's refusal to perform that agreement caused plaintiff to abandon the premises. As those issues were not submitted and found favorably to plaintiff, the real controversy has not been fully tried, and the interests of justice require that defendant be granted a new trial under sec. 251.09, Stats. On the subject of damages the jury should also, on a retrial, be instructed unequivocally that plaintiff can recover only to the extent that the build-

ing has enriched the defendant, regardless of the cost to the plaintiff or the reasonable value of the improvement. In *Henrikson v. Henrikson, supra,* this court said:

"The theory of the liability of the defendant in the instant case is that the law raises an implied obligation on the part of defendant that he return that which he has received under the void contract. And this obligation requires him to respond only for what he has received and not for what others have received because of the void agreement. The obligation rests upon the benefit received, and the extent of the obligation is measured by the benefit. It is true that there are some cases holding a different doctrine, and which appear to hold that the liability is not measured by the benefit received. *Parker v. Tainter,* 123 Mass. 185, belongs to this class. However, in *Dowling v. McKenney,* 124 Mass. 478, the question was squarely met by the court, and it was held that, where one advances money to or performs services for another based upon a contract void under the statute of frauds, he can only recover against such other so much as defendant has been enriched by the transaction. This we believe to be a sound doctrine, and the only logical basis of recovery in such a case" (p. 324).

To the same effect see Keener, Quasi-Contracts, p. 364, and Woodward, Quasi-Contracts, § 107, and cases there cited.

*By the Court.*—Judgment reversed, and cause remanded with directions to grant a new trial.