Koch and another vs. Williams and others.

Koch and another, Respondents, vs. Williams and others, Appellants.

*April 12 — May 3, 1892.*

*Statute of frauds: Oral contract to pay for services in land:* Quantum meruit.

1. An oral contract to pay for services by the conveyance of land is void under the statute of frauds (sec. 2304, R. S.).

2. A written offer, made after the performance of the services, to convey the land in payment therefor, which was not accepted, did not supply the requirements of the statute.

3. Where services have been rendered under a void contract, their value may be recovered on a *quantum meruit.*

APPEAL from the Circuit Court for *Milwaukee* County. The opinion states the facts.

For the appellants there was a brief by *Williams & May,* and oral argument by *W. C. Williams.* They cited Wood, Frauds, 426, 431–434; *Galvin v. Prentice,* 45 N. Y. 162; *Riley v. Williams,* 123 Mass. 506.

For the respondents there was a brief by *Ogden & Hunter,* and oral argument by *L. M. Ogden.*

ORTON, J.   This action is brought by the plaintiffs against the defendants to recover what it was reasonably worth for them, as architects, to prepare the plans and estimates of a certain building of the defendants in the Third ward of the city of Milwaukee, and to superintend the construction thereof, which services were performed to the satisfaction of the defendants, and are reasonably worth the sum of $2,165.   The facts are as well stated in a finding which the defendants requested the court to make, as follows:

" That, previous to the time of the employment of the said plaintiffs by the defendants, the said defendants had sold and conveyed a number of lots situated at what is known as ' Whitefish Bay,' in Milwaukee county, to

F. T. Stone and Richard Thomas, of Milwaukee, for which lots so conveyed the said F. T. Stone and Richard Thomas owed the defendants a sum of money; that said *Edward V. Koch* was desirous of purchasing one of the said lots from Stone and Thomas at Whitefish Bay, and also desired to do the architectural work for the defendants *Thaddeus W. Williams* and *Alice J. Williams*, on the building to be erected by the said defendants [on parts of certain two lots in the Third ward of the city of Milwaukee]; that, at the time of the employment by the said defendants, it was mutually agreed between the said defendants *T. W. Williams* and *Alice J. Williams*, and F. T. Stone and Richard Thomas, that the plaintiffs should prepare plans and specifications for a building to be erected upon the above-described property on Wisconsin street, and superintend the construction, for and in consideration of a lot at Whitefish Bay, to be selected by the plaintiffs, situated in Stone and Thomas' subdivision, being Idlewild No. 2, in section No. 33, of township No. 8 north, of range 21 east, in the county of Milwaukee, being one of the lots conveyed by the said defendants to the said Stone and Thomas; and the said Stone and Thomas were to be credited by the said defendants *Thaddeus W. Williams* and *Alice J. Williams* an amount to be agreed upon on their said indebtedness to the said defendants; and it was also mutually agreed between the said parties that there was to be no money whatever passed between the parties in carrying out said agreement, and that all the work performed by the said plaintiffs for the said defendants *Thaddeus W.* and *Alice J. Williams*, in the preparation of plans and specifications for the erection of the building upon the above-described property, was to be done by the said plaintiffs for the lot to be selected by the said plaintiffs at Whitefish Bay."

This proposed finding is unnecessarily long and particular to express all the material facts, but it is adopted as the

statement of the case because it is claimed to be different from the findings made by the court, and they do not appear to be materially different. All the matters about procuring the lots from Stone and Thomas are entirely immaterial. The contract was oral, and according to this proposed finding is, in short, that the plaintiffs shall prepare the plans and specifications for a certain building to be erected by the defendants, and superintend the construction thereof, in consideration of the conveyance to them of the lot at Whitefish Bay.

It appears that the plaintiffs' services were completed in May, 1889, and they were then discharged from further employment by the defendants. It appears, also, that after this the defendants offered to convey said lot to the plaintiffs, which is sufficient evidence that the services of the plaintiffs were performed to their satisfaction. The plaintiffs refused to receive such conveyance, and demanded payment for their services in money, and this action is for the recovery thereof.

The court found the facts substantially as above, and found the value of the plaintiffs' services at the sum of $590, for which judgment was rendered, with interest from the commencement of the action, and costs. This appeal is from the judgment.

The questions of law involved in this case are obvious. The court found this contract *void* by our statute of frauds, it not having been in writing, expressing the consideration, and subscribed by the party by whom the sale of the lot was to be made, as required by sec. 2304, R. S. It seems that the defendants wrote the plaintiffs a letter signed by themselves, in July, subsequent to the performance of the plaintiffs' services in May, 1889, offering to convey the lot in payment of the same. The learned counsel of the appellants contend that said letter supplies the requirements of the statute. It is nothing more than a

written offer to perform the *oral* agreement.   The contract for the sale of the lot was oral, and the services of the plaintiffs were rendered under that oral contract.   To make this oral agreement valid, *nunc pro tunc*, if possible, by placing it in writing after the time of performance had passed, both parties must participate in it.   It is a written offer to perform by the defendants only, and not accepted by the plaintiffs.   If this written offer had been accepted by the plaintiffs, they would have received the conveyance, and that would have been the end of the matter.   It requires two or more persons to make a contract.   The letter was not written in order to put the oral contract in writing.   It was merely an offer to perform the oral contract, and the offer was not accepted by the plaintiffs.   That is all there is of it.   If both parties had agreed, even at that time, that the defendants should convey the lot in payment of the plaintiffs' services, and that agreement had been placed in writing, expressing the consideration and subscribed by the defendants, and the plaintiffs after that had refused to receive the conveyance offered by the defendants it may be that the defendants could have enforced the new contract.   But there is no such case here, and we need not speculate as to what might be the law under a different state of facts; or, if the plaintiffs had made a similar written offer to accept the deed of the defendants, the case might be different, but they have made no such written offer, and merely failed to reply to the written offer of the defendants to convey.   That does not make a written contract.   The contract the parties made was *oral*, and that, by our statute above mentioned, is absolutely void and a nullity.

*First*, then, we are compelled to hold this contract void. In defense of this action the defendants set up and seek to enforce this oral contract for the sale of the lot as payment for the services of the plaintiffs.   The English statute 29 Car. II., and the statutes of many of our states copied from

it, do not make the contract void, but only voidable. The authorities cited by the learned counsel of the appellants are under that statute. Under a statute like ours, the authorities uniformly hold that such a contract is void, and that nothing will take it out of the statute except such part performance on the part of the purchaser, by entering into the possession of the premises, as would render him a trespasser if the agreement is held void, and even in such a case the relief can be sought only in a court of equity. In *Cameron v. Austin*, 65 Wis. 652, this principle is applied, where the plaintiff, who had sued, as here, for his services that were to be paid for by a conveyance of land, had gone into possession and made improvements on the land, to defeat the action. Without such part performance by the purchaser, the contract was held void. In the late case of *Popp v. Swanke*, 68 Wis. 364, the oral contract was to sell and convey a tract of land in payment for lumber. The action was for specific performance of the contract by the defendant, upon full performance by the plaintiff by the delivery of the lumber. The defendant and his wife executed a deed to the plaintiff, and left it in the hands of a third person *in escrow*, to be delivered to the plaintiff on the delivery of the lumber, and, after receiving the lumber, the defendant refused to permit such third person to deliver the deed. This was going a great way towards a full performance by both parties, and yet this court held that the contract was void by our statute and could not be enforced, and that nothing less than possession by the purchaser could take the contract out of the statute. Chief Justice COLE very clearly distinguished our statute from the English statute, citing and following the able opinion of Chief Justice DIXON in *Brandeis v. Neustadtl*, 13 Wis. 142, and the other cases in this court. See, also, *Smith v. Finch*, 8 Wis. 245; *Blanchard v. McDougal*, 6 Wis. 167; *Madigan v. Walsh*, 22 Wis. 501; *Thomas v. Sowards*, 25 Wis. 631; *Campbell v Thomas*, 42 Wis. 439.

*Second.* The plaintiffs, having rendered valuable services
to the defendants under this void contract, are entitled to
recover what such services were reasonably worth. This,
at first blush, might appear to be a hardship on the defend-
ants, who never agreed to pay for such services in money,
and have offered to pay according to the oral contract by a
conveyance of the lot. But it is inevitable, from holding
the contract void. The statute must be complied with as
long as it is in force. It is no hardship to put such a con-
tract in writing, and if parties suffer by not complying
with the statute it is a penalty due to their own negligence,
and they have no reason to complain. As said by the late
Justice TAYLOR, in *Salb v. Campbell,* 65 Wis. 405: "The
statute making the parol contract absolutely void, it fur-
nishes no ground of action in favor of the plaintiff, nor can
it be used by the defendants as a basis upon which to found
a defense. The parties stand in the same relation to each
other as though no express contract existed between them,
. . . and the plaintiff may recover upon a *quantum
meruit* for the work done upon an implied promise of the
defendants to pay what the services are reasonably worth."
In *Cohen v. Stein,* 61 Wis. 508, Chief Justice COLE said:
"Under the decisions of this court there can be no doubt
as to the correctness of the proposition that, where a per-
son renders services under a contract which is void, he can
recover upon a *quantum meruit* the value of such services."
See, also, *Brandeis v. Neustadtl,* 13 Wis. 142; *Thomas v.
Sowards,* 25 Wis. 631; *N. W. U. Packet Co. v. Shaw,* 37
Wis. 655; *Clark v. Davidson,* 53 Wis. 317; *Thomas v.
Hatch,* 53 Wis. 296.

The finding of the court as to the services of the plaint-
iffs and value thereof appears to be sustained by the testi-
mony. The other exceptions of the appellants are not ma-
terial to the merits of the case.

*By the Court.*— The judgment of the circuit court is
affirmed.