HANNON and others, Appellants, vs. SCANLON, Respondent.

*September 18—October 6, 1914.*

*Statute of frauds: Contract to convey land: Uncertainty in descrip-*
*tion: Parol evidence: Equity: Specific performance.*

1. Under the statute of frauds (sec. 2304, Stats.), all the essential
terms of a contract for the conveyance of land must be in writ-
ing, including a description of the land to be conveyed; and
such an essential element cannot be supplied by parol evidence.
2. A contract, made by stipulation between the contestants of a
will and the sole legatee named therein, by which such legatee
agreed to convey one of two forty-acre tracts of land to each of
the two heirs of the testator, is so indefinite and uncertain that
it cannot be specifically enforced, where it cannot be deter-
mined from the stipulation, with the aid of any writings re-
ferred to therein or which could be read therewith, which of
the two forties was to be conveyed to either heir.
3. It having been expressly stipulated that one forty be conveyed
to each heir, equity will not make a new contract by com-
pelling conveyance of both forties to the two heirs in common.

APPEAL from an order of the circuit court for Marinette
county: W. B. QUINLAN, Circuit Judge. *Affirmed.*

This is an appeal from an order sustaining a demurrer to
the complaint. The complaint alleges that on May 15, 1912,
one Lucy Scanlon died leaving surviving her two minor chil-
dren, *Helen Hannon Scanlon* and *George Hannon Scanlon;*
a husband, *Joseph Scanlon;* an aunt, *Sarah Hannon;* and an
uncle, *George Hannon;* that said Lucy Scanlon died pos-
sessed of personal property and seised of a large amount of
realty, among which were three forties, 120 acres, one forty
being formerly the homestead of one Henry Donnelly; that
on June 4, 1912, an alleged will was filed in the office of the
county judge of Marinette county purporting to be a will of
Lucy Scanlon, which will devised and bequeathed all the
real and personal property owned by said Lucy Scanlon to
said *Joseph Scanlon;* that a day was set for the hearing of
proofs of said will; that *George Hannon* and *Sarah Hannon*

having good reason to believe that said will was not executed according to law, that said Lucy Scanlon had not sufficient mental capacity to make a will, and that the execution was procured by undue influence, filed objections to the allowance of said will; that on said hearing the following stipulation was made in open court:

"State of Wisconsin,
"In County Court, Marinette County.

"In the Matter of the Estate of Lucy Scanlon, Deceased.

"Kaftan & Reynolds appearing for *Joseph Scanlon,* legatee under the will of Lucy Scanlon, deceased.

"J. C. Morgan, guardian *ad litem* of *Helen Hannon Scanlon* and *George Joseph Scanlon,* minor heirs of said Lucy Scanlon, deceased.

"Martin, Martin & Martin appearing for *George Hannon* and *Sarah Hannon,* contestants of the will of Lucy Scanlon, deceased.

"It is hereby stipulated by and between *Joseph Scanlon,* legatee of the will of Lucy Scanlon, deceased, and *George Hannon* and *Sarah Hannon,* contestants of said will, each by their respective attorneys, and by and with the consent of the guardian *ad litem,* and in person, in open court, that the said contestants hereby withdraw their objections to the allowance of said will, for and in consideration of the said *Joseph Scanlon,* legatee herein named, and on the condition that he, the said *Joseph Scanlon,* convey by proper conveyance to each of the said minor children one of the forty acres of land heretofore owned by Henry Donnelly, deceased, which said property is devised and bequeathed by the will of said Lucy Scanlon, deceased, to the said *Joseph Scanlon,* as sole heir of Henry Donnelly, deceased, whose said estate is now in process of probate in this court, and for and in consideration of the said *Joseph Scanlon* agreeing to pay the debts against the estate of the said Lucy Scanlon, deceased.

"And it is further agreed that the said *Joseph Scanlon* shall receive the entire estate of the said Lucy Scanlon, deceased, except the forty acres herein provided to be conveyed to each of the said minor children, which said two forty-acre tracts shall be conveyed to the said minor children free and clear from any and all claims which may be made against the estate of Lucy Scanlon, deceased. The said *Joseph Scanlon*

shall retain and have for himself the forty-acre tract consti-
tuting the homestead of Henry Donnelly, deceased, and upon
which the buildings are located.  The said *Joseph Scanlon*
shall have two mowers, one hay rake, two drags, and three
plows, which property is part of the estate of Henry Donnelly,
deceased, and located in the township of Grover, at the prices
named in the inventory, now on file in the county court of
Marinette county, and also a certain quantity of lumber now
located in the village of Coleman, which is also a part of the
estate of the said Henry Donnelly, deceased.  Each party to
pay its own costs of this contest.

"It is hereby further stipulated by and between the parties
hereto that the said *Joseph Scanlon* will pay out of the rent or
income of the estate of the said Henry Donnelly, deceased, the
sum of one hundred dollars per annum, so long as the children ·
are taken care of or in the custody of *Mr. and Mrs. George
Hannon.*"

That in reliance upon said agreement the plaintiffs with-
drew their objections and consented to the probate of said will,
and the same was proved and allowed on the 12th day of July,
1912; that the plaintiffs have duly performed all the condi-
tions of said agreement on their part, but the defendant re-
fuses to convey the forties mentioned, although demand has
been made upon him, and indicates a purpose of disposing of
said forties to third parties and irreparably injuring plaint-
iffs; that by reason thereof plaintiffs have no adequate rem-
edy at law.  Judgment is demanded that the defendant be
required to specifically perform said agreement and to exe-
cute and deliver a conveyance of said forties to said children
in the manner and form provided in said agreement, and for
general relief.

For the appellants there was a brief by *Martin, Martin &
Martin* and *G. F. Clifford,* and oral argument by *Mr. Clifford.*

*Robert A. Kaftan,* for the respondent.

KERWIN, J.  The stipulation upon which the cause of ac-
tion rests was made in open court and was not signed by the
parties otherwise than as their names appear therein as writ-

ten and entered in the minutes by the reporter. It is insisted by appellants that there was a sufficient signing of the stipulation to satisfy the statute of frauds by the entry thereof in open court and consent to such entry by all parties. And it is further contended by appellants that, whether there was a sufficient signing or not, there was estoppel *in pais* and of record arising from the acts of the parties in open court with the sanction of the court, and proceedings in court upon the faith of the stipulation, and that the stipulation was sufficiently definite in the description of the property.

On the part of respondent it is claimed that the stipulation is void as against public policy under the rule laid down in *Will of Dardis,* 135 Wis. 457, 115 N. W. 332, and *Will of Rice,* 150 Wis. 401, 136 N. W. 956, 137 N. W. 778; that the stipulation is void under the statute of frauds; that there is no estoppel *in pais* or of record; and further that the stipulation is too indefinite and uncertain upon which to found an action, therefore no cause of action is stated in the complaint.

We shall only consider the last proposition, namely, whether the stipulation is sufficiently definite and certain to form a basis for an action upon the facts alleged in the complaint. If this proposition be resolved against the appellants it is decisive of the case. It is argued that there is no description of the two forty-acre tracts which were to be deeded to the two children. But passing this question, it is clear that it cannot be determined from the stipulation, together with any writings referred to therein or which could be read therewith, which forty was to be deeded to either child.

The stipulation provides "that he, the said *Joseph Scanlon,* convey by proper conveyance to each of the said minor children one of the forty acres of land heretofore owned by Henry Donnelly, deceased, which said property is devised and bequeathed by the will of said Lucy Scanlon, deceased, to the said *Joseph Scanlon.* . . ." There is nothing in the

stipulation identifying the forty which shall be deeded to either child. The alleged contract is one for the conveyance of real estate, and all its essential terms must be in writing. Among other essential terms which must be specified in a contract for the conveyance of real estate is a description of the property to be conveyed. Here the contract is hopelessly uncertain as to which forty should be conveyed to each party. The court cannot supply this important part of the contract, because to do so would be to make and enforce a contract for the parties which they themselves never made. Nor can parol evidence be allowed to supply an essential element of a contract to convey land which the statute requires to be in writing.

It is argued by appellants that the court should enforce specific performance so far as the contract is certain and that it would be doing justice to enforce conveyance of the two forties to the two infants in common. The trouble with this argument is that there is no agreement, either express or implied, that the two forties be conveyed in common. On the contrary it is expressly provided that one forty be conveyed to each infant. To compel conveyance of the two forties in common would be to enforce performance of a contract which the parties never made. This courts have no power to do.

It follows that the order appealed from must be affirmed.

*By the Court.*—The order appealed from is affirmed.