MORROW, Appellant, vs. TOWNSEND and another, imp.,
Respondents.

*November 20—December 8, 1914.*

*Specific performance: Contract to convey land: Latent ambiguity:
Uncertainty in description: Parol evidence: Mistake: Intention
of parties.*

1. The owner of an eighty-acre tract of land platted a part of it as
   an addition to a village, such addition consisting of four blocks
   of eight lots each. After nine of the lots had been sold and con-
   veyed by him or by his heirs, the heirs made a contract to sell
   the eighty-acre tract, "less four village lots, which lots are an
   addition to the village." In an action to compel specific per-
   formance of that contract, it is *held* that the words above quoted
   created a latent ambiguity and that parol evidence was proper
   to show the situation of the parties to the contract, the state of
   the property, and the location of the addition.
2. Such evidence, with certain further evidence, is *held* to sustain a
   finding of the trial court that the parties to the contract intended
   to exclude therefrom the four blocks, and not merely four lots.
3. Specific performance of the contract as written could not be en-
   forced, since it could not be determined which four lots were
   meant.

APPEAL from a judgment of the circuit court for Grant
county: GEORGE CLEMENTSON, Circuit Judge. *Affirmed.*

This action was brought to compel specific performance of
a contract. The contract in question describes the land as
follows: "The west half of the northwest quarter of section
twenty-eight (28), in town six (6) north, of range four (4)
west, less four village lots, which lots are an addition to the
village of Mount Hope." The court below granted specific
performance of the contract, but construed the description to
read: "The west one-half of the northwest one-fourth ($\frac{1}{4}$) of
section twenty-eight (28), in town six (6) north, of range
four (4) west, in Grant county, Wisconsin, except four village
blocks, being all of Humphrey's addition to the village of
Mount Hope."

The court below upon certain proof made held that the statement "four village lots" meant "four village blocks" and rendered judgment for specific performance accordingly, from which judgment plaintiff appeals.

For the appellant there was a brief by *T. L. Cleary*, attorney, and *G. E. Cleary*, of counsel, and oral argument by *George Cleary*.

For the respondent there was a brief signed by *Brown, Brennan & Carthew*, attorneys for respondent *Townsend*, and *Harry E. Carthew*, guardian *ad litem* for George Townsend, and oral argument by *H. E. Carthew*.

Kerwin, J.   It is contended by counsel for appellant that the court erred (1) in refusing to find that the intention of the parties to the contract was to exclude from the contract all of block 1 and lot 1 in block 2 of Humphrey's addition to the village of Mount Hope; and (2) in making the finding that it was the intention of the parties, when the contract was signed, to exclude therefrom all of Humphrey's addition to the village of Mount Hope, comprising four blocks.

The main question presented here for our consideration is whether the court below, upon the evidence, was warranted in finding that it was the intention of the parties to the contract to exclude the four blocks and whether the contract was sufficiently definite for enforcement.   It is established in the case that Robert G. Humphrey, while the owner of the eighty-acre tract in question, and on May 14, 1877, platted a part of it as Humphrey's addition to the village of Mount Hope and caused the plat to be recorded; that the land so platted consisted of four blocks of eight lots each with the streets surrounding them; that said Humphrey, while the owner and after said plat had been recorded, conveyed lots 1, 4, 5, and 8 in block 1, and lot 1 in block 2, and said lots have been ever since held by the grantees thereof; that thereafter Humphrey died seised of the balance of said lands and the same descended

to Maggie McWilliams, Mary H. Townsend, Jennie Morrow, and Cora Humphrey, his daughters, subject to the life estate of his widow, Mary J. Humphrey; that on February 4, 1889, the widow and heirs conveyed to Wayne Williams lots 2, 3, and 6 in block 1 in said addition, which lots have since been held by him and his grantees, and on February 5, 1889, the contract under consideration here was made, and at this time all of block 1 and lot 1 of block 2 had been conveyed and were inclosed and occupied by the owners under the conveyances.

The difficulty arises from the use of the word "lots." It seems quite clear that the parties could not have meant to exclude only four lots, because at that time more than four lots had been sold and were owned by other parties. Moreover, the contract on its face excludes the idea that four lots were intended and supports the idea that four blocks were intended. The exception in the contract is "four village lots, which lots are an addition to the village of Mount Hope." The four blocks constituted the addition to the village of Mount Hope, while four lots did not. The addition embraces thirty-two lots. Moreover, there is nothing in the contract or the surrounding circumstances attending the parties at the time of execution of the contract from which an inference could be drawn that four lots were intended, and certainly, even if it could be said that four lots were intended, it would be impossible to determine which four lots were meant, and specific performance, therefore, could not be enforced. *Hannon v. Scanlon,* 158 Wis. 357, 148 N. W. 1082.

The court below found that the intention of the parties when the contract was signed was to exclude therefrom all of Humphrey's addition to the village of Mount Hope, comprising four blocks, and we are inclined to the opinion that this is the only consistent construction which can be given the contract. The case, therefore, turns on whether this finding is supported by competent evidence. The words of the contract, "four village lots, which lots are an addition to the vil-

lage of Mount Hope," create a latent ambiguity, and parol evidence was therefore proper to show the situation of the parties to the contract, the state of the property, and the location of the addition. *Lego v. Medley,* 79 Wis. 211, 48 N. W. 375; *Messer v. Oestreich,* 52 Wis. 684, 10 N. W. 6.

Very little evidence was offered, and doubtless very little could have been produced in view of the circumstances of the case. But there was evidence that at the time of making the contract an addition consisting of four blocks was located on the eighty acres in question, and there is some evidence which at least tended to show that the four blocks were intended to be reserved, not four lots.

It is plain that no four of the village lots constituted the addition, and it is quite apparent from all the surrounding circumstances existing at the time the contract was made that the scrivener inadvertently used the word "lots" when the intention of the parties to the contract was to except the four blocks; at least we think the court below was justified in so finding. We do not feel warranted in disturbing the finding of the court below, therefore the judgment must be affirmed.

*By the Court.*—The judgment is affirmed.