DURKIN, Appellant, vs. MACHESKY, Respondent.

*April 13—July 8, 1922.*

*Statute of frauds: Insufficient description of real estate: Letter subsequently written: Recovery of money paid on void contract: Interest: Appeal: General findings of trial court.*

1. In view of sub. 2, sec. 14, ch. 549, Laws 1909 (as amended by sec. 6, ch. 425, Laws 1911), and of sec. 2863, Stats., where the findings of the trial court were general, they are not within the rule that the decision of a trial court respecting disputed matters of fact will not be disturbed on appeal unless clearly against the evidence.
2. In an action to recover money paid to apply on a contract for the purchase of land, where the writing was a mere receipt and not a contract, it was open to explanation.
3. Where the description of the property was "Southwest corner 28th and Meinecke," it not appearing whether one lot or more was intended, the description was too vague and uncertain to meet the requirements of the statute.
4. Although a contract binding under the statute of frauds may be gathered from letters and other writings so connected with each other that they may be considered as one document, a

writing containing an insufficient description of real estate cannot be supplemented by letters of an attorney written three months after the original memorandum.

5. The law implies a promise to repay money paid on a land purchase void under the statute of frauds, where no rule of public policy or good morals has been violated.

6. Where there was no demand for the repayment of the money other than the action, plaintiff, on recovering, was entitled to interest only from the time of its commencement.

APPEAL from a judgment of the circuit court for Milwaukee county: OSCAR M. FRITZ, Circuit Judge. *Reversed.*

Action to recover money had and received by defendant for the use of plaintiff. The complaint alleged that the defendant was indebted to plaintiff in the sum of $1,000 for money had and received to the use of plaintiff prior to January 22, 1919; that the defendant, though many times requested, had refused to pay the plaintiff the above sum. Defendant denied the allegations of the complaint. The case was tried in the civil court of Milwaukee county and resulted in a judgment in favor of plaintiff for $1,000 and costs. Upon trial in the circuit court this judgment was reversed.

In the early part of July, 1918, plaintiff negotiated with defendant for the purchase of certain property on Thirty-fourth street in the city of Milwaukee which belonged to defendant's wife. Plaintiff delivered an automobile to defendant and offered it and $4,800 in cash for the property in question. This offer was accepted by defendant's wife, although plaintiff testified he had no knowledge of the fact. On July 31, 1918, plaintiff made a bill of sale of the car to the defendant which stated that plaintiff had received $700 in full payment for the car. The contract for the purchase of this property was not consummated.

On October 10, 1918, plaintiff gave defendant a check for $100 on which was the following indorsement: "Southwest corner 28th and Meinecke, purchase price, $1,800, de-

posit $100, balance $1,700, to be closed on October 17, 1918."

The check was indorsed and cashed by *Machesky*. On January 15, 1919, defendant's attorneys notified plaintiff by letter containing a description of the land that the time for performing the contract was past; that defendant was ready to execute a deed upon payment of the balance of the cash; and that defendant was going to hold plaintiff liable for all damages resulting from his failure to complete the contract. On January 20th, and again on January 22d, plaintiff gave defendant a check for $100. On April 11, 1919, defendant's attorneys notified plaintiff by letter that unless the balance of the cash payment was made and a mortgage executed within five days the defendant would proceed to seek relief in law or equity to declare forfeited the amounts paid by plaintiff. Nothing further was paid. In July, 1919, defendant sold the premises to one Koller.

It appears that the contract for the purchase of the property on Thirty-fourth street was rescinded by mutual consent. Defendant testified that plaintiff gave up the automobile in consideration of his release from the contract. Plaintiff testified that the value of the car was $700 and that this amount was to be allowed plaintiff on the purchase price of a piece of property to be ascertained later. As to the second contract, he testified that the purchase price was $2,500; that he received $700 credit; that he was to pay $300 in cash and give a mortgage for the balance, $1,500, payable in six months; that defendant agreed to give him an abstract, deed, and tax receipts for the last year, but failed to do so; and failed to submit a mortgage for $1,500, although at a later date defendant offered to take a further cash payment of $300 and accept a mortgage for $1,200.

Defendant testified that the value of the lots on Twenty-eighth street was $2,500; that he sold them for $1,800 because of financial difficulties; that the agreement was that

plaintiff should pay the entire amount in cash and that no notes were mentioned; that plaintiff was given the abstracts and tax certificates; that he endeavored to induce plaintiff to close the deal by offering to take a mortgage; that plaintiff said he would either pay the entire balance or else a part and give a mortgage due in thirty days; that he tendered a deed to plaintiff, and that plaintiff refused to pay cash or execute a mortgage.

For the appellant there was a brief by *Charles E. Hammersley,* attorney, and *John S. Barry,* of counsel, both of Milwaukee, and oral argument by *Mr. Barry.*

For the respondent there was a brief by *Lenicheck, Boesel & Wickhem,* attorneys, and *Arthur E. Lenicheck,* of counsel, all of Milwaukee, and oral argument by *F. J. Lenicheck.*

The following opinion was filed May 9, 1922:

JONES, J.    The statute providing for the practice in civil court prescribes that in actions of this character the practice, pleadings, trials, judgments, and proceedings thereafter shall be governed by the provisions of law relating to circuit courts and proceedings therein. Sub. 2, sec. 14, ch. 549, Laws 1909, as amended by sec. 6, ch. 425, Laws 1911.

Under this law and sec. 2863, Stats., it was plainly the duty of the civil court to make findings as to each issuable fact. This rule was disregarded, and, as was said by the circuit judge, the findings "are so general and improper in their form as to be of little significance on this appeal." Such general findings are not within the rule that the decision of a trial court respecting disputed matters of fact will not be disturbed on appeal unless against the clear preponderance of the evidence. *Chippewa B. Co. v. Durand,* 122 Wis. 85, 99 N. W. 603; *Weinhagen v. Hayes,* 174 Wis. 233, 178 N. W. 780, 785, 183 N. W. 162, 187 N. W. 756.

The statute regulating appeals from the civil court does not seem to require the circuit court to make findings of fact, and in this case none were filed, although there was

a careful opinion. This makes it necessary for us to consider the whole evidence and draw our conclusions as if no findings had been filed.

There was a direct conflict in the testimony as to the agreement when the first contract was rescinded, although both parties were agreed that it was rescinded by mutual consent. Defendant claimed that the automobile was forfeited by plaintiff because he desired to be relieved from the contract, and defendant relied on the receipt to support his contention. Since the writing was a mere receipt and not a contract it was open to explanation, and plaintiff's testimony that it was the real agreement that he was to be given credit for the value of the car in another deal seems the more reasonable, and as both the trial and circuit judge came to this conclusion, we have no difficulty in holding that this was the understanding between the parties.

It was argued by defendant's counsel that the negotiations as to the second transaction ripened into a valid contract evidenced by the check given by plaintiff with the indorsement. It is claimed that the indorsement described the land with sufficient certainty to meet the requirements of the statute of frauds.

But we are satisfied that the description was too vague and uncertain to constitute a binding contract. It does not appear whether one lot or more was intended. Counsel for defendant cite cases where parol evidence has been received to identify the land, but they are cases where some language was expressed in the writing to which parol evidence could be linked and the property identified with reasonable certainty.

If the writing had contained in addition to that used such words as "my property," or "the property in my possession," and if defendant had owned no other property, or had possession of none other at the place in question, or if some similar language had been used as a foundation for the parol evidence, a different situation would be present, and

the rule, "that is certain which can be made certain," might be invoked. Both the civil and the circuit judge found the description insufficient, and we are of the same opinion. *Hannon v. Scanlon,* 158 Wis. 357, 148 N. W. 1082; *Harney v. Burhans,* 91 Wis. 348, 64 N. W. 1031; *Inglis v. Fohey,* 136 Wis. 28, 116 N. W. 857.

The circuit court held, however, that the letters written by defendant's attorneys and the subsequent payments made by plaintiff supplemented the void memorandum and sufficiently identified the property to satisfy the statute. The first of these letters was written about three months after the memorandum relied on as the contract. None of the letters was signed either by plaintiff or by the defendant. There is no evidence that defendant's attorneys who signed the letters were authorized to make a contract of sale, nor is there any evidence that plaintiff assented to the letters. The payment of the $200 was quite as consistent with his claim that it was in compliance with the verbal communications as that it was an assent to the letter of January 15th. There was no partial performance by plaintiff, such as taking possession, that could satisfy the statute of frauds. It is doubtless true that a contract binding under the statute need not consist of a single document, and may be gathered from letters and other writings between the parties, so connected with each other that they may be considered as one document. But we do not think that the facts bring this case within that rule. It would be a somewhat dangerous rule that a so-called contract, void in its inception, could be given life by the mere subsequent request or demand by one of the parties that it be complied with. Such a rule would open the door to the very abuses that the statute seeks to correct. We have come to the conclusion that the circuit judge erred in holding that there was a valid contract. *Koch v. Williams,* 82 Wis. 186, 52 N. W. 257; *Dodge v. Hopkins,* 14 Wis. 630; *Cunha v. Callery,* 29 R. I. 230, 69 Atl. 1001.

Durkin v. Machesky, 177 Wis. 595.

We regard it as clear that when the negotiations for the second deal took place plaintiff had a credit of $700 to apply on the purchase of another piece of property. It is argued by defendant's counsel that if he had any such credit he lost it by failing to complete the purchase in question. It is conceded that defendant sold the land in question to another party, and hence when the suit was commenced he had disabled himself to complete the negotiations. It is argued with some force, and the circuit judge took that view, that plaintiff abandoned any rights he may have had. It must be conceded that the explanation made by plaintiff and his counsel for not giving more attention to the letters sent him is not as satisfactory as might be desired. But there are various facts which lead us to disagree with the conclusion of the circuit judge on this subject. It seems to us extremely improbable that the plaintiff would have intentionally forfeited $1,000 on a $2,500 trade.

There is testimony on which plaintiff relies for the delay on his part in closing the deal. He testified, although this was contradicted, that defendant never furnished the abstract agreed upon. There were negotiations and some differences relating to the manner in which the balance of the $1,800 should be paid, one party claiming that it should be cash and the other by mortgage. Plaintiff's counsel testified that he found that there was an outstanding mortgage on the property. It seems clear to us that defendant received in these transactions, including the automobile, $1,000 for which he parted with no consideration. It is true some claim is made that the automobile became the property of defendant's wife and that therefore he was not accountable for it, but in these transactions plaintiff was dealing with defendant and not with defendant's wife. When the first negotiations were closed defendant receipted for the automobile in his own name, and we do not think that he can avoid liability on the ground that he had no right to give the credit claimed.

Unless it is plain that plaintiff voluntarily surrendered or lost by his negligence the $1,000 paid, it would be a serious injustice that he should bear the loss.    Forfeitures are not favored, and the testimony does not convince us that he abandoned his rights.    Even on defendant's own theory that there was a valid contract it would have been more consonant with established and just procedure if, as indicated in the letters, he had had his rights and those of plaintiff determined by the court.

Since we have held that the contract relied on was void, it follows that the money and property paid were without consideration and the law implies a promise of repayment, since no rule of public policy or good morals has been violated. *Helmholz v. Greene,* 173 Wis. 306, 181 N. W. 221; *Carlock v. Johnson,* 165 Wis. 49, 160 N. W. 1053; *Henrikson v. Henrikson,* 143 Wis. 314, 127 N. W. 962; *Brandeis v. Neustadtl,* 13 Wis. 142.

There seems to have been no demand for the repayment of the money other than the action.    Interest should be allowed from the time of the commencement of suit.    *Harney v. Burhans,* 91 Wis. 348, 64 N. W. 1031.

*By the Court.*—The judgment appealed from is reversed, and the cause is remanded to the circuit court with directions to award judgment in plaintiff's favor for the amount claimed, with interest, as indicated in the foregoing opinion.

A motion for a rehearing was denied, with $25 costs, on July 8, 1922.