SPENCE and another, Appellants, vs. FRANTZ and others, Respondents.

*January 10—February 7, 1928.*

*Highways: Conveyance of abutting lands: Rights of parties: Specific performance: Description of lands: Sufficiency if property can be identified.*

1. The owner of land abutting a highway or street has title to the center of the highway or street adjacent to his property, subject to the public easement; and a conveyance of abutting property transfers the legal title in the land to the center of the adjacent street or highway, in the absence of a clear intent to the contrary, even where the conveyance names the highway as the boundary of the parcel conveyed. p. 70.

2. In an action for the specific performance of a contract to convey land which contained no provision evidencing a clearly expressed intent to limit the acreage of the land sold to that which lay entirely outside of the public highways, which were not even named as boundaries, and the land in the highways was part of the property owned by the vendors, such land came within the express terms of the contract and must be included to make up the total area, and be paid for by the plaintiff. pp. 71, 72.

3. Where the land was described as "contained in Stone's subdivision in sections 9 and 10 in the town of Greenfield, consisting of 110 acres more or less, said acreage to be determined by survey," and the vendors owned no other land that would answer such description, an answer which stated that the description was not sufficiently definite to comply with sec. 240.08, Stats., is *held* not to constitute a defense. p. 72.

4. Parol evidence may be received to identify the land to be conveyed, where there is some language in the writing to which parol evidence can be linked and the property identified with reasonable certainty. p. 72.

APPEAL from an order of the circuit court for Milwaukee county: OSCAR M. FRITZ, Circuit Judge. *Affirmed in part; reversed in part.*

Action begun December 27, 1926, by *William S. Spence* and *E. R. Spence* against *Harry S. Frantz* and *Bessie A. Stratton* to compel the specific performance of a contract

to convey land. This appeal was taken from an order entered May 31, 1927, overruling demurrers to portions of the answer.

*Harry S. Frantz* and *Bessie A. Stratton* entered into a contract to convey to the plaintiffs "the following described land: Contained in Stone's subdivision in sections nine (9) and ten (10) in the town of Greenfield, consisting of one hundred and ten acres (110) more or less, said acreage to be determined by survey." The survey disclosed that there were 110¼ acres in the lands owned by the defendants, of which five and one-half acres were subject to the easement of public highways laid out adjacent to or through said lands.

For the appellants there was a brief by *Lenicheck, Boesel & Wickhem* of Milwaukee, and oral argument by *F. J. Lenicheck*.

·For the respondents there was a brief by *Olwell & Brady* of Milwaukee, and oral argument by *Lawrence A. Olwell*.

STEVENS, J. (1) The first question presented is whether the contract required the plaintiffs to pay for the land in the public highway at the rate of $850 an acre. The determination of this question depends upon the intent of the parties as expressed in their contract when that is viewed in the light of the established rules of law with reference to which they must be held to have contracted.

It has long been the established law in Wisconsin that the abutting owner has title to the center of the highway or street adjacent to his property, subject to the public easement. It is equally clear that the conveyance of abutting property transfers the legal title to the land to the center of the adjacent street or highway, in the absence of a clear intent to the contrary, even where the conveyance names the highway as the boundary of the parcel conveyed. *Gove v. White,* 20 Wis. 425, 432.

The rule just stated was adopted to guard against the bootless and almost objectless litigation that might spring up to vex and harass the owners of land adjacent to public highways if the title to the land in the highway, with its attendant right to use this land in any way which did not interfere with the rights of the public, should remain in the original owner of the land. "To have this rule of the least practical importance to cure the evil which it is adopted to remedy, it must be applied to every case where there is not expressed an evident and manifest intention to the contrary —one from which no rational construction can escape. The rule, to be of any practical utility, must be pushed somewhat to the extreme of ordinary rules of construction, so as to apply to all cases, when there is not a clearly expressed intention in the deed to limit the conveyance short of the middle of the . . . highway. . . . 'The idea of an intention in the grantor to withhold his interest in a road to the middle of it, after parting with all his right and title to the adjoining land, is never to be presumed. It would be contrary to the universal practice. . . . It would require an express declaration, or something equivalent thereto, to sustain such an inference; and it may be considered as the general rule that a grant of land bounded upon a highway . . . carries the fee in the highway . . . to the center of it, provided the grantor at the time owned to the center, and there be no words or specific description to show a contrary intent.'" *Norcross v. Griffiths,* 65 Wis. 599, 613, 615, 616, 27 N. W. 606.

The contract here in question contained no provision evidencing a clearly expressed intent to limit the acreage of the land sold to that which lies entirely outside of the public highways. These highways are not even named as the boundaries of this land. The land in these highways is a part of the property owned by the defendants in Stone's subdivision, which can be conveyed by the defendants, sub-

ject to the public easement. It therefore comes within the express terms of the contract and must be included in order to make up the total area of 110 acres which was the approximate area upon which the minds of the parties met.

The portion of the answer which alleged that the plaintiffs must take and pay for the acreage owned by the defendants within the boundaries of the public highway states facts which constitute a defense to the action.

(2) The portions of the answer challenged by the second and third demurrers do not state facts sufficient to constitute a defense. These portions of the answer raise the question whether the contract was one which could legally be enforced. Sec. 240.08 of the Statutes requires all contracts for the sale of land to be in writing, expressing the consideration, and subscribed by the party by whom the sale is made. "Among other essential terms which must be specified in a contract for the conveyance of real estate is a description of the property to be conveyed." *Hannon v. Scanlon,* 158 Wis. 357, 361, 148 N. W. 1082.

Parol evidence may be received to identify land to be conveyed where there is some language "in the writing to which parol evidence could be linked and the property identified with reasonable certainty." *Durkin v. Machesky,* 177 Wis. 595, 599, 188 N. W. 97. A description that was more indefinite and uncertain than the one contained in the contract in this case was held sufficient to warrant a decree of specific performance in *Heller v. Baird,* 191 Wis. 288, 210 N. W. 680. It appeared in that case, as it does in this, that the vendors owned no other land that would answer to the description given in the contract.

*By the Court.*—The order overruling the first demurrer is sustained. The order overruling the second and third demurrers is reversed. The cause is remanded for further proceedings according to law.